**MURPHY BREEDING LABORATORY, INC.,**
Appellant–Plaintiff,

v.

**WEST CENTRAL CONSERVANCY DISTRICT, Appellee–Defendant.**

No. 32A01–0409–CV–399.

Court of Appeals of Indiana.

June 8, 2005.

Jan M. Carroll, Jimmie L. McMillian, Barnes & Thornburg LLP, Indianapolis, for Appellant.

Alan M. Hux, Kristina Keener Yeager, Kortepeter McPherson Hux Freihofer & Minton, Indianapolis, for Appellee.

## OPINION

SULLIVAN, J.

Appellant, Murphy Breeding Laboratory, Inc. ("Murphy"), appeals from the trial court's dismissal of its Complaint against West Central Conservancy District ("WCCD"). Upon appeal, Murphy presents two issues for our review, which we restate as whether the trial court erred in granting WCCD's motion to dismiss.

We affirm.

Murphy is the fee simple owner of real property located at 819 South County Road 625 East in Hendricks County, Indiana. The property consists of Tracts 3, 4, and 5 as described in Deed Record 232, Page 121 in the Office of the Recorder of Hendricks County. In 1997 WCCD[1] filed a condemnation action in the Hendricks Circuit Court, Cause No. 32C01–9710–MI–389, to obtain a permanent easement across portions of Murphy's real estate for the purpose of constructing, installing, operating, and maintaining a sanitary sewer ("Condemnation Action"). In February 2000, the Condemnation Action was tried to a jury, and Murphy was awarded a judgment of $41,509 for damages to its property relating to the permanent easement and installation of the sanitary sewer.[2] WCCD appealed the jury award, and this court affirmed the judgment in an

---

1. WCCD was created in 1992 pursuant to Ind.Code § 14–33–1–1 *et seq.* (Burns Code Ed. Repl. 2003 & Supp. 2004) for the purpose of providing for the collection, treatment, and disposal of sewage and other liquid waste.

2. During the pendency of the Condemnation Action, a sanitary sewer was installed for WCCD and is still in existence and operating. The installation of the sanitary sewer was substantially completed on April 8, 1998.

unpublished memorandum decision. *See West Central Conservancy District v. Murphy Breeding Laboratory, Inc.*, 32A01–0005–CV–156, 747 N.E.2d 85 (Ind. Ct.App., May 8, 2001).

On April 19, 2004, Murphy filed a Complaint seeking damages to Tract 5 from the sanitary sewer installation which was the subject of the Condemnation Action. In the Complaint, Murphy alleged that the permanent easement which was the subject of the Condemnation Action encompassed portions of Tracts 3 and 4, but not Tract 5.[3] Murphy further asserted that the order of condemnation granted WCCD a permanent easement across only Tracts 3 and 4 and that the subsequent judgment covered only the damage to those Tracts. Murphy alleged that "[d]espite having no right, title or interest in or to the portion of the Murphy Real Estate commonly known as Tract 5, WCCD caused the sanitary sewer to be constructed, installed, operated and maintained on Tract 5."[4] Appendix at 6. Murphy's Complaint asserted claims for trespass, treble damages, unlawful taking of private property, and inverse condemnation with respect to the permanent easement and installation of the sanitary sewer on Tract 5.

On June 28, 2004, WCCD filed a motion to dismiss, or in the alternative, for summary judgment. Attached to the motion were exhibits in support thereof.[5] Also, in the text of its motion, WCCD quoted a portion of Charles Murphy's[6] trial testimony in the Condemnation Action in which he testified that Tract 5 was damaged in the amount of $17,500 and that his total damages as to Tracts 3, 4, and 5 were $70,900.

Murphy filed a response to WCCD's motion on August 6, 2004, asserting that the trial court should deny WCCD's motion "whether characterized as a motion to dismiss or a motion for summary judgment." Appendix at 28. Murphy acknowledged the Exhibits attached to WCCD's motion and submitted its own materials external to the pleadings in opposition to WCCD's motion. Specifically, Murphy attached to its response the chronological case summary for the Condemnation Action and the "Verified Declaration of Charles J. Murphy, Jr." ("Murphy Declaration"), which itself had nine exhibits attached thereto.[7] In the Murphy Declaration, Charles Murphy asserted that the easement sought in the Condemnation Action encompassed portions of Tracts 3 and 4 but not Tract 5.

---

3. On May 1, 1998, WCCD filed an amendment to its complaint for condemnation which changed the specific description of the permanent easement for the sanitary sewer and the temporary construction easement sought. WCCD does not dispute that the amended legal description for the location of the easement included Tracts 3 and 4.

4. WCCD does not dispute that the sanitary sewer was installed on Tracts 3, 4, and 5 of Murphy's property.

5. The Exhibits attached to WCCD's motion to dismiss include the "Amendment to Complaint for Condemnation," "Defendant Murphy Breeding Laboratory, Inc.'s Exceptions to Appraisers' Report," and the "Affidavit of Ronnie Goff," the manager for WCCD.

6. Charles Murphy, Jr. is the president of Murphy Breeding Laboratory, Inc.

7. The exhibits attached to the Murphy Declaration included, among other things, the deed setting forth the legal description of Tracts 3, 4, and 5, and two different drawings depicting the boundaries of the Tracts and the location of the proposed easement as compared to what Murphy asserts is the actual location where the sanitary sewer was installed. The exhibits also included letters Murphy sent to WCCD demanding payment for damages and rent as a result of the installation of the sanitary sewer.

The trial court held a hearing on WCCD's motion and Murphy's response on August 17, 2004.[8] On August 26, 2004, the trial court entered a "Judgment Granting [WCCD]'s Motion to Dismiss," concluding as follows:

"THEREFORE, by this action, 32C01–0404–CT–12, the facts of this case demonstrate to the Court that [Murphy] [is] seeking to litigate an issue previously submitted to a jury on Charles Murphy's own testimony as to damages he now seeks to recover in this litigation.

THEREFORE, [WCCD]'s Motion to Dismiss is proper [sic] before the Court and should be granted." Appendix at 4.

■ Upon appeal, Murphy first argues that the trial court improperly considered matters outside of the pleadings in granting WCCD's motion to dismiss. In its reply brief, Murphy responds to WCCD's assertion that the trial court "misdesignated" its judgment as a grant of a motion to dismiss rather than a grant of a motion for summary judgment, asserting that the trial court's judgment does not indicate in any way that the trial court intended to convert WCCD's motion to dismiss into one for summary judgment. Murphy points out that the title of the trial court's judgment and the references therein are only to WCCD's "Motion to Dismiss." Murphy correctly asserts that because a motion to dismiss tests the legal sufficiency of the complaint, the trial court was foreclosed from considering matters outside the pleadings. *See Connecticut Indem. Co. v. Bowman*, 652 N.E.2d 880, 882 (Ind.Ct.App.1995), *trans. denied.*

However, as Murphy also notes, when matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment. *See* Ind. Trial Rule 12(B); *Bowman*, 652 N.E.2d at 882. Here, in support of its motion, WCCD clearly submitted matters and evidence outside the pleadings. In its response to WCCD's motion, Murphy too submitted matters and evidence outside of its Complaint for the trial court's consideration. Further, it is apparent from the trial court's judgment that it relied upon such extraneous materials and evidence in making its determination inasmuch as the trial court specifically referenced Charles Murphy's testimony in the Condemnation Action.

Additionally, we note that WCCD, in setting forth its first ground for dismissal, moved the court to "dismiss this action or, in the alternative, for a summary judgment." Appendix at 10. In responding to WCCD's argument, Murphy argued that such should be denied whether viewed as a motion to dismiss or a motion for summary judgment, and in support thereof relied upon the evidence it attached to its response. Thus, the parties were aware that the trial court could consider matters outside of the pleadings and consider the motion as one for summary judgment. Given the forgoing, we agree with WCCD that the trial court simply "misdesignated" its judgment as a judgment granting a motion to dismiss rather than a grant of summary judgment. Where the trial court affords the parties a reasonable opportunity to present external material,[9] the failure to

---

**8.** The transcript of this hearing is not before us because it was not requested in the Notice of Appeal. See Ind. Appellate Rule 9(F)(4).

**9.** Trial Rule 12(B) provides that in the case where a motion to dismiss for failure to state a claim is treated as a motion for summary judgment, "all parties shall be given reason-

able opportunity to present all material made pertinent to such a motion by Rule 56." *See also Azhar v. Town of Fishers*, 744 N.E.2d 947, 950 (Ind.Ct.App.2001); *Mears v. Lake County Council*, 709 N.E.2d 747, 748 (Ind.Ct.App.1999). Murphy does not claim it was deprived of such an opportunity. Indeed, as

specifically designate a motion as one for summary judgment instead of a dismissal under 12(B)(6) is deemed harmless error.[10] *Dixon v. Siwy*, 661 N.E.2d 600, 604 (Ind. Ct.App.1996). We will therefore review this case as arising from a grant of summary judgment. *See id.*

Murphy next argues that even treating the trial court's judgment as an entry of summary judgment in favor of WCCD, the trial court's judgment was erroneous. Our standard of review for summary judgments is well settled. Summary judgment is appropriate only if the designated evidentiary material demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Title Search Co., Inc. v. 1st Source Bank*, 765 N.E.2d 167, 171 (Ind.Ct. App.2002), *trans. denied.* Genuine issues of material fact exist where facts are in dispute concerning an issue which would dispose of the litigation. *Gen. Housewares Corp. v. Nat'l Sur. Corp.*, 741 N.E.2d 408, 412 (Ind.Ct.App.2000).

Upon appeal, we apply the same standard as the trial court and resolve disputed facts or inferences in favor of the non-moving party. *Title Search*, 765 N.E.2d at 171. The moving party bears the burden of establishing, prima facie, that no genuine issues of material fact exist and that he or she is entitled to judgment as a matter of law. *Id.* Once the moving party has met this burden, the burden falls upon the non-moving party to set forth specific facts

demonstrating a genuine issue for trial. *Id.* The party appealing a grant of summary judgment bears the burden of persuading us that the trial court erred. *Id.* If the trial court's entry of summary judgment can be sustained upon any theory or basis in the record, we must affirm. *Irwin Mortgage Corp. v. Marion County Treasurer*, 816 N.E.2d 439, 442 (Ind.Ct.App. 2004).

We begin by noting that the core issue presented by Murphy's Complaint and challenged by WCCD's motion is whether damages from the installation of the sanitary sewer upon Tract 5 were assessed in the Condemnation Action.[11] It is clear from the trial court's judgment granting WCCD's motion that the trial court found that the issue of damages to Tract 5 was previously litigated.

In arguing that summary judgment was improper, Murphy asserts that the trial court improperly relied upon facts not properly before the court, weighed disputed facts and inferences, and then resolved them against Murphy, the non-movant. Murphy first argues that the trial court erred in relying upon the "partial, unauthenticated, and uncertified" excerpt of Charles Murphy's testimony in the Condemnation Action which WCCD set forth in the body of its motion. Appellant's Brief at 10. Murphy directs us to *Holloway v. Giganti, Inc.*, 540 N.E.2d 97, 98–99 (Ind.Ct.App.1989), wherein the court noted that in considering a motion for summary judgment, documents attached to the par-

---

we have noted, Murphy had an opportunity and in fact did submit materials outside of its Complaint in response to WCCD's motion. There is no indication in the record before us that Murphy wanted to present supplemental or additional materials.

**10.** Indeed, Murphy has made no claim of prejudice from the trial court considering materials outside of the pleadings and treating

WCCD's motion as one for summary judgment.

**11.** By its Complaint, Murphy is seeking damages for the value of a permanent easement on Tract 5 and damages to the residue of Tract 5 caused by the taking for purposes of the installation, operation, and maintenance of the sanitary sewer on that Tract.

ties' respective motions and response, which are not sworn statements, certified copies, or verified by affidavit, do not qualify for consideration.

Murphy asserts that the trial court considered Charles Murphy's testimony over its objection which it claims it asserted in its response. In that portion of its response to which Murphy directs our attention, Murphy, referring to the excerpt of Charles Murphy's testimony provided by WCCD, stated—"Aside from being uncertified and unauthenticated . . . ." Appendix at 35. Murphy made no other argument in that regard and did not cite to any authority. We thus conclude that Murphy did not properly object to the court's consideration of the excerpt of testimony provided by WCCD in its motion.[12] We further note that Murphy does not dispute the accuracy of the quoted testimony,[13] and in fact, relies upon such in supporting its own argument that Tract 5 was not a part of the Condemnation Action.[14] Based upon the forgoing, we conclude that, even though such was not certified, the trial court did not err in relying upon the excerpt of Charles Murphy's testimony as was set forth in WCCD's motion.

Murphy asserts that even if the trial court could rely upon the excerpt of Charles Murphy's testimony, that the court, in granting WCCD's motion, erred in weighing in favor of WCCD that evidence against its contrary evidence. Murphy directs us to its Complaint, wherein it alleged that Tract 5 was not part of the Condemnation Action, and also the Murphy Declaration which it submitted with its response, wherein Charles Murphy asserted that damages to Tract 5 were not part of the Condemnation Action. After reviewing the matters before the court, we conclude that the trial court did not improperly weigh evidence submitted for its consideration in granting WCCD's motion.

In its motion, WCCD asserted alternative bases for dismissal and/or for summary judgment. WCCD asserted that the claims asserted by Murphy in its Complaint were required to be brought in the Condemnation Action as a compulsory counterclaim.[15] In support of its argument in that regard, WCCD asserted that Murphy's current claim for damages to Tract 5 existed at the time of its responsive pleading in the Condemnation Action.[16] As a

**12.** We also note that because the transcript of the hearing on WCCD's motion and Murphy's response is not before us, we do not know the extent of that hearing and whether WCCD relied upon Charles Murphy's testimony, and if so, whether or not Murphy objected thereto.

**13.** Although apparently not presented to the trial court, WCCD included a certified copy of the excerpt of Charles Murphy's trial testimony in the Condemnation Action in its Appellee's Appendix. Comparing the language with the certified copy of Charles Murphy's testimony, the excerpt quoted within the text of WCCD's motion is accurate.

**14.** Murphy also provides a different interpretation of the quoted testimony. Specifically, Murphy asserts that Charles Murphy was testifying as to damages to the residue of Tract 5 which resulted from the permanent easement and installation of the sanitary sewer on

Tracts 3 and 4, not damages to Tract 5 as a result of the installation of the sanitary sewer upon that Tract.

**15.** In eminent domain proceedings, at the time of this litigation, "no pleadings other than the complaint and such statement or objections shall be allowed in such cause, except the answer provided for in section 8 [IC 32–11–1–8] of this chapter." Ind.Code § 32–11–1–5 (Burns Code Ed. Repl. 1995) (This provision is now Ind.Code § 32–24–1–8). Murphy thus asserts that it was not permitted to bring a compulsory counterclaim. Because we conclude that the court properly granted WCCD's motion upon other grounds, we need not address this issue further.

**16.** The responsive pleading to which Murphy is apparently referring is the filing of written exceptions. *See* Ind.Code § 32–11–1–8

second basis for dismissal, WCCD asserted that Murphy "has litigated the issue as to damages sustained as to Tract 5 in the proceedings tried before the jury in Cause Number 32C01–9710–MI–389 [the Condemnation Action]."[17] Appendix at 15.

In *City of Hammond v. Marina Entertainment Complex, Inc.*, 733 N.E.2d 958, 964–65 (Ind.Ct.App.2000), *trans. denied,* this court noted that, in condemnation proceedings:

> " 'all damages, present or prospective, that *are the natural or reasonable incident of the improvement to be made or work to be constructed ... must be assessed.* Damages are assessed once and for all, and the measure should be the entire loss sustained by the owner, including *in one assessment* all injuries resulting from the appropriation.' " (quoting *Rehman v. New Albany B. & T.R. Co.*, 8 Ind.App. 200, 212, 35 N.E. 292, 296 (1893)).

We interpreted this to mean that:

> "every injury a property owner suffers as a result of an improvement made in an eminent domain proceeding is recoverable in the condemnation case, notwithstanding the fact that such injury may not appear in the order of appropriation.... [I]n order to recover damages

suffered as a result of an improvement, the property owner *must* have those damages assessed in the condemnation case." *Id.* at 965 (emphasis in original).

WCCD, through the affidavit of its manager, Ronnie Goff, asserts that the sanitary sewer line which was the subject of the Condemnation Action was substantially completed on April 8, 1998. The appraisers filed an amended report with their assessment of damages on June 1, 1998.[18] On July 29, 1998, Murphy filed written exceptions to the appraisers' report. The Condemnation Action was not submitted to the jury until February 2000. The damage to Tract 5 which Murphy now claims, whether actual or to the residue, is the result of the construction, installation, operation, and maintenance of the sanitary sewer on Murphy's property. It is undisputed that such was the subject of the Condemnation Action. Thus, any damage to Tract 5 clearly falls within the scope of "all damages, present or prospective, that are the natural and reasonable incident of the improvement to be made [i.e. the sanitary sewer]." Therefore, Murphy was required to have those damages assessed in the Condemnation Action. This remains true even assuming that the condemnation

---

(Burns Code Ed. Repl. 1995) (providing that if a party in a condemnation action is aggrieved by the assessment of damages, he may file written exceptions thereto) This provision is now Ind.Code § 32–24–1–11. Here, Murphy filed written exceptions to the appraisers' assessment of damages on July 29, 1998. As noted above, the installation of the sanitary sewer was substantially completed on April 8, 1998.

**17.** WCCD's argument in this regard is found under the title "Motion to Dismiss Pursuant to Trial Rule 9E." Trial Rule 9(E) is a special pleading rule and is not a proper basis for dismissal. However, other than the title, WCCD does not refer to Trial Rule 9(E), and we do not discern from the substance of the

argument asserted thereunder that WCCD sought dismissal of Murphy's Complaint based upon that Rule. The substance of WCCD's argument is more akin to a claim of *res judicata* in that WCCD asserted that "the issue as to damages sustained as to Tract 5" was litigated in the Condemnation Action.

**18.** The appraisers' first report was filed on March 30, 1998. On May 1, 1998, the complaint for condemnation was amended, by agreement of the parties, to change the legal description of the location of the permanent easement. The appraisers then filed an amended report. We may reasonably infer that the appraisers' amended report was in response to the amendment of the complaint for condemnation.

order for the sanitary sewer included only Tracts 3 and 4 in its description of the location of the permanent easement. In the Condemnation Action, Murphy was not foreclosed from recovering damages to Tract 5 because all damages relating to the easement and installation of the sewer were recoverable. *See City of Hammond,* 733 N.E.2d at 965 (noting that damages recoverable notwithstanding fact that injury may not appear in appropriation order).

Moreover, during the trial in the Condemnation Action, Charles Murphy testified about the damages sustained to Tract 5 as a result of the permanent easement and installation of the sewer. WCCD asserts that Charles Murphy's testimony establishes that damages to Tract 5 were part of the Condemnation Action. Murphy, on the other hand, asserts that Charles Murphy's testimony concerned damages to the residue of Tract 5 as a result of the permanent easement and installation of the sanitary sewer on Tracts 3 and 4. Under either interpretation, it is clear from the evidence submitted by Murphy that prior to the Condemnation Action, Murphy was aware of the fact that the sanitary sewer was installed upon Tract 5, or that at the very least, Tract 5 was damaged in some respects by installation of the sanitary sewer. Murphy was aware of such perhaps as early as December 1997, but clearly before the Condemnation Action proceeded to trial. During the trial in the Condemnation Action, Murphy testified as to damages to Tract 5, as well as to Tracts 3 and 4, and the jury subsequently awarded $41,509 for the take. Having reviewed the matters presented to the trial court, we agree with the trial court that "[w]hat Murphy seeks in this case is another bite at the apple." Appendix at 3. Summary judgment was therefore appropriate.

The judgment of the trial court is affirmed.

BAILEY, J., and MATHIAS, J., concur.