William Lee PALLETT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 77A01–0808–CV–374.

Court of Appeals of Indiana.

Feb. 25, 2009.

Transfer Denied May 14, 2009.

William Lee Pallett, Carlisle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

On March 19, 2007, William Lee Pallett petitioned for writ of *habeas corpus*, which the trial court dismissed as frivolous.[1] Pallett appealed, and we reversed and remanded. *Pallett v. Ind. Parole Bd.*, No. 77A01–0705–PC–200, 877 N.E.2d 1257 (Ind.Ct.App. Dec.21, 2007). On remand, the Parole Board filed a "Motion to Dismiss or for Summary Disposition," (Appellant's App. at 77), which the trial court granted. We affirm.

## FACTS AND PROCEDURAL HISTORY

The relevant facts were stated in our previous decision:

In 1977, Pallett was convicted in Wayne County of inflicting physical injury during the commission of a felony and sentenced to life in prison. On March 28, 2001, he was released on parole.

On September 11, 2001, he was arrested in Monroe County for operating while intoxicated. He was given a sixty-day suspended sentence and a year on probation. After the sentencing, Pallett was told to report to the probation department, but he fled. In January 2002, he was apprehended in Florida and returned to the Indiana Department of Correction for violating his parole. The Monroe County Court revoked the suspended sentence and ordered it served consecutively to his life sentence.

On November 6, 2002, Pallett was granted another parole from his life sentence. He alleges he was "turned over" to the Monroe County Jail to serve his sentence for operating while intoxicated. He was discharged from the Monroe County Jail on January 18, 2003. Upon his release, he settled in Bloomfield. At that time, he believed he was still on parole from his life sentence.

On August 2, 2003, Pallett was arrested in Joplin, Missouri for driving while intoxicated. The parole board revoked his parole on October 8, 2003.

*Pallett*, slip op. at 2 (citations omitted).

Pallett contended his parole could not be revoked in October 2003, because his life sentence was discharged when he was "turned over" to Marion County. We found this allegation was not frivolous and remanded for further proceedings. On remand, the Parole Board filed a motion to

---

1. *See* Ind.Code § 34–58–1–1 and –2 (requiring courts to screen petitions filed by offenders).

dismiss pursuant to Ind. Trial Rule 12(B)(6), or alternatively, for summary disposition pursuant to Ind. Post–Conviction Rule 1(4)(f) and (g) if Pallett's petition was construed as one for post-conviction relief. The trial court heard oral arguments on the motion and permitted Pallett to submit documentation in support of his argument. On July 7, 2008, the trial court concluded there was no evidence Pallett had been discharged from his life sentence and granted the Parole Board's motion.

## DISCUSSION AND DECISION

■ Pallett first argues his petition may not be disposed of pursuant to T.R. 12(B)(6) or P–C.R. 1(4). He relies on Ind. Code § 34–25.5–1–1, which provides: "Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." He argues the word "inquire" necessarily means an evidentiary hearing must be held. He cites no authority in support of this argument, nor do we find anything in the plain language of Ind.Code § 34–25.5–1–1 that exempts a petition for writ of habeas corpus from dismissal pursuant to T.R. 12(B)(6).

■ Pallett filed several exhibits with his petition for writ of habeas corpus. In its motion to dismiss and memorandum in support, the Parole Board relied on Pallett's petition as well as the attached exhibits. When matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment. *Murphy Breeding Lab., Inc. v. West Central Conservancy Dist.,* 828 N.E.2d 923, 926 (Ind.Ct.App. 2005). "Where the trial court affords the parties a reasonable opportunity to present external material, the failure to specifically designate a motion as one for summary judgment instead of a dismissal under 12(B)(6) is deemed harmless error." *Id.* at 926–27.

The trial court permitted Pallett to submit documentation in support of his argument; therefore, we review Pallett's petition pursuant to the summary judgment standard. Summary judgment is appropriate if the designated evidence demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 927.

> The moving party bears the burden of establishing, prima facie, that no genuine issues of material fact exist and that he or she is entitled to judgment as a matter of law. Once the moving party has met this burden, the burden falls upon the non-moving party to set forth specific facts demonstrating a genuine issue for trial. The party appealing a grant of summary judgment bears the burden of persuading us that the trial court erred.

*Id.* (citations omitted).

Pallett's petition for *habeas corpus* is premised on *Meeker v. Indiana Parole Board,* 794 N.E.2d 1105 (Ind.Ct.App.2003), *reh'g denied, trans. denied. Meeker* was aptly summarized in *State v. Metcalf.*

> [Meeker] was serving two concurrent sentences following his convictions for drug dealing in 1991. Thereafter, Meeker was released to parole in 1995. While on parole, Meeker was convicted of several alcohol-related crimes in 1996 and was sentenced to serve the remainder of his 1991 sentence for dealing. While Meeker was incarcerated on the 1991 drug sentence, the Parole Board voted that "Meeker should be 'turned over' to another commitment" on July 21, 1998. On October 12, 2000, Meeker was released to parole after serving the five-year sentence less the amount of credit time that he had earned. The

dealing convictions were used as the basis for Meeker's parole. After Meeker was convicted of carrying a firearm without a license in October 2001, his parole was revoked the following month. As a result, the Parole Board reinstated the remaining sentence on the 1991 drug dealing convictions.

Meeker ultimately appealed, and this court determined that the "turn over" by the Parole Board amounted to a discharge from his dealing sentence and that Meeker could not again be required to serve the remainder of his dealing sentence at a later date. Specifically, we observed that:

> When the parole board "turned over" Meeker to begin serving the alcohol related sentences, it effectively discharged him from the remainder of the dealing convictions. There is no statutory authority or case law definition of "turn over" and we conclude that we must construe the phrase against the State. During the 1998 review, the parole board could have refused to "turn over" Meeker's sentence, as it had done in 1997, until he served the remainder of his fixed term. The parole board did not do so, and the State provides no support for its contention that Meeker could again be required to serve the remainder of his dealing sentence at some later time.

852 N.E.2d 585, 588–89 (Ind.Ct.App.2006) (citations omitted), *trans. denied* 860 N.E.2d 595 (Ind.2006).

■ Pallett asserts: (1) the Department of Correction "turned him over" to the Monroe County Jail, thus discharging his life sentence; and (2) because he was discharged from the Monroe County Jail in January 2003, there was no parole to revoke in October 2003.

*Meeker* is distinguishable from Pallett's case. *Meeker* turned on the Parole Board's use of the phrase "turn over," which we construed against the Board to mean that Meeker had been discharged. *Id.* at 589–90. The Parole Board did not use the term "turn over" in Pallett's case and did not evidence any intent to discharge him from his life sentence. A document titled "Report of Investigation and Decision of Parole Board" lists the Parole Board members' votes on his 2002 parole. (Appellee's App. at 34.) The form lists the actions the Board could take, including "Denied Parole," "Denied Turnover," "Granted Parole," "Granted Turnover," and "Continue." (*Id.*) "Granted Parole" is checked; "Granted Turnover" is not. (*Id.*)

The words "with stips" were written next to "Granted Parole." (*Id.*) These words appear to refer to another a document titled "Special Parole Stipulations." (*Id.* at 35.) This document contained special conditions of Pallett's parole, including submitting to a substance abuse evaluation, refraining from using drugs and alcohol, and avoiding establishments whose main business is selling or serving alcohol or drugs. As noted by the Parole Board, Pallett could not have been subject to the Board's orders if he had been discharged.

The Wabash Valley Correctional Facility's Release Coordinator sent the Monroe County Sheriff's Department a letter stating Pallett was scheduled for release on December 20, 2002. The letter gave the Sheriff the option of picking up Pallett on that date. This suggests the Parole Board considered Pallett to be on parole regardless of whether Monroe County chose to have him serve his sentence for operating while intoxicated at that time. Finally, Pallett's "Conditional Parole Release Agreement" instructs Pallett to contact a parole agent upon release from his commitment in Monroe County. (*Id.* at 31.)

Pallett repeatedly cites *Meeker's* holding that the Parole Board could not "suspend Meeker's parole on one set of sentences until after he served the sentences on other unrelated convictions." 794 N.E.2d at 1108. That is not what happened in Pallett's case. Because Pallett was not "turned over," he was on parole from his life sentence while he was serving his sentence in Monroe County, and he was continuously on parole from the time he was handed over to the Monroe County Sheriff until his parole was revoked. *See Mills v. State,* 840 N.E.2d 354, 360 (Ind.Ct.App. 2006) (an offender may be on parole for one offense while serving another sentence).[2]

Relying on *Metcalf,* Pallett argues he was "turned over" and discharged because the Parole Board did not use language specifically preserving his life sentence. In *Metcalf,* the form used by the Parole Board indicated Metcalf had been granted "turnover," but included the phrase "preserve life sentence." 852 N.E.2d at 586. We held Metcalf had not been discharged, holding "only when there is no other evidence of the Parole Board's intent will the courts construe a vote to 'turn over' as a vote to discharge." *Id.* at 589. *Metcalf* does not require the Parole Board to explicitly preserve a life sentence; rather, it holds that the phrase "turn over" will not effect a discharge when there is other evidence of the Board's intent. *Id.; see also Parker v. State,* 822 N.E.2d 285, 287 (Ind.Ct.App.2005) (holding Parker had not been discharged where Parole Board had not used the phrase "turn over").

Relying on the exhibits Pallett attached to his petition, the Parole Board demonstrated that it did not use "turn over" language and did not otherwise indicate

Pallett was discharged from his life sentence. Pallett designated no evidence to the contrary. Therefore, the trial court did not err by granting summary judgment.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.

---

2. Contrary to Pallett's argument, nothing in Ind.Code § 35–50–1–2 ("Consecutive and concurrent terms") indicates an offender may not be on parole for one offense while serving a consecutive sentence.