**Everett MEEKER, Appellant,**

v.

**INDIANA PAROLE BOARD, Appellee.**

No. 67A04–0211–CV–532.

Court of Appeals of Indiana.

Aug. 29, 2003.

---

Everett Meeker, Putnamville Correctional Facility, Greencastle, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee Indiana Parole Board.

## OPINION

BARNES, Judge.

### Case Summary

Everett Meeker appeals the denial of his petition for post-conviction relief. We reverse.

### Issue

Meeker raises one issue for our review, which we restate as whether the post-conviction court properly granted the parole board's motion for summary disposition.

### Facts

In 1991, Meeker was convicted of two counts of dealing in a schedule II controlled substance and sentenced to twelve years on each count. The trial court ordered the two sentences to be served concurrently. On September 4, 1995, Meeker was released on parole.

On March 4, 1996, a notice of an alleged parole violation was filed because Meeker had been arrested and charged with Class

B misdemeanor public intoxication, Class A misdemeanor operating a vehicle while intoxicated, Class A misdemeanor battery, and Class D felony battery. Meeker was convicted as charged and sentenced to 180 days on the public intoxication charge, one year on the operating a motor vehicle while intoxicated charge, one year on the Class A misdemeanor battery charge, and three years on the Class D felony battery charge. The trial court ordered the public intoxication sentence to be served concurrently to the operating a motor vehicle while intoxicated sentence and the remaining sentences to be served consecutively, for a total of five years. On September 6, 1996, the parole board revoked Meeker's parole and ordered him to serve the remainder of his two dealing sentences.

On July 11, 1997, the parole board declined to "turn over" Meeker to another commitment, which would have allowed him to begin serving the alcohol related sentences at that time. On July 21, 1998, the parole board reviewed Meeker's commitment again and decided that Meeker should be "turned over to another commitment[.]" Appellee's App. p. 13. This "turn over" was effective immediately. On September 14, 1998, Meeker received a discharge notice regarding the Class A misdemeanor operating a motor vehicle sentence, and on March 15, 1999, Meeker received a discharge notice on the Class A misdemeanor battery sentence. On October 13, 2000, Meeker was released on parole on the remaining sentences.

On December 19, 2000, an information was filed charging Meeker with four gun related offenses. Meeker was eventually convicted of one count of Class C felony carrying a handgun without a license by a convicted felon and was sentenced to four years on that charge on October 22, 2001. On November 29, 2001, the parole board revoked Meeker's parole.

On April 2, 2002, Meeker challenged his parole revocation in a habeas corpus petition, which the trial court treated as a post-conviction relief petition. On April 23, 2002, the parole board filed a motion for summary disposition, which the trial court granted the following day. On May 10, 2002, Meeker filed a motion to correct error, which the trial court denied. Meeker now appeals.

### Analysis

■ "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Saylor v. State*, 765 N.E.2d 535, 547 (Ind.2002). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* We will not reverse the post-conviction court's judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* Further, the post-conviction court in this case entered findings of fact and conclusions of law. Accordingly, the post-conviction court's findings and judgment will be reversed only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. *Id.*

Meeker argues that the parole board improperly used his 1991 dealing sentences to release him on parole in 2000 and to revoke his parole in 2001. The State contends that Meeker waived review of this issue because he failed to present a cogent argument with proper citations to the record and legal authority. We disagree with this contention and review Meeker's claim on the merits.[1]

Meeker contends that when the parole board "turned over" his dealing sentences

---

1. Although it is not entirely clear whether Meeker's 2000 parole was based on his deal-

on July 21, 1998, those sentences could not be used as the basis for parole at a later date. The State responds that Meeker improperly equates a "turn over" with a discharge. The State argues that because the dealing sentences were never officially discharged, the parole board was able to use them as the basis for his 2000 parole. We disagree with the State's position.

■ The relevant portions of the applicable statute [2] provide:

(a) Except as provided in subsection (d), when a person imprisoned for a felony completes his fixed term of imprisonment, less the credit time he has earned with respect to that term, he shall be released:

(1) on parole for a period not exceeding twenty-four (24) months, as determined by the parole board; or

(2) to the committing court if his sentence included a period of probation.

(b) Except as provided in subsection (d), a person released on parole remains on parole from the date of his release until his fixed term expires, unless his parole is revoked or he is discharged from that term by the parole board. In any event, if his parole is not revoked, the parole board shall discharge him after the period under subsection (a) or the expiration of the person's fixed term, which ever is shorter.

(c) A person whose parole is revoked shall be imprisoned for the remainder of his fixed term. However, he shall again be released on parole when he completes the remainder, less credit time he has earned since the revocation. The parole board may reinstate him on parole at any time after the revocation.

Ind.Code § 35–50–6–1. We first observe that this statute applies to persons released from prison. *See* I.C. § 35–50–6–1(a). Meeker was not released from prison when he was turned over to his new commitment in 1998. Instead, he remained in prison and began serving the sentences on his alcohol related convictions. We cannot conclude that this statute is applicable to Meeker's claim given the facts of this case. *See Mayes v. State,* 744 N.E.2d 390, 393 (Ind.2001) (recognizing that we conventionally construe penal statutes strictly against the State). To conclude otherwise would effectively require Meeker's parole on the dealing sentences to be suspended until after he served the intermediate alcohol related sentences. The State does not cite to any case law or statutes supporting such a proposition nor does it cite to any authority defining "turn over", which phrase does not appear in any statute. Absent such support, Meeker should not have been paroled on the dealing convictions after he was "turned over" to and did in fact serve the alcohol related sentences.

We do not hold that Meeker could not have been paroled on the alcohol related sentences when he completed serving those sentences and was released in 2000 or that Meeker could not have been paroled on the dealing sentences had he been released and reinstated on parole in 1998. We are simply concluding that the parole board could not effectively suspend Meeker's parole on one set of sentences until after he served the sentences on other unrelated convictions.

This conclusion is further supported by the language in Meeker's 1996 parole revo-

ing sentences or the alcohol related sentences, the State makes no argument that the 2000 parole was in fact based on the alcohol related sentences. Thus, we address Meeker's claim on the merits.

2. We note that an amended version of this statute became effective January 1, 2003; the amendments do not affect our decision today.

cation form. That form provided that Meeker would be assessed the balance of his sentence and that his new commitment on the alcohol related charges would be held in abeyance until the end of his commitment or until the parole board turned him over to his new commitment. *See* Appellee's App. p. 30. On July 21, 1998, the parole board decided that Meeker should be "turned over" to the other commitment effective immediately. *See* Appellant's App. p. 40. Although the State argues otherwise, we conclude that when the parole board "turned over" Meeker to begin serving the alcohol related sentences, it effectively discharged him from the remainder of the dealing convictions. There is no statutory authority or case law definition of "turn over" and we conclude that we must construe the phrase against the State. During the 1998 review, the parole board could have refused to "turn over" Meeker's sentence, as it had done in 1997, until he served the remainder of his fixed term. The parole board did not do so, and the State provides no support for its contention that Meeker could again be required to serve the remainder of his dealing sentence at some later date.

The State points out that Meeker was clearly discharged on the misdemeanor public intoxication sentence and the misdemeanor battery sentences as indicated by the final discharge notices he received in support of its argument that Meeker was not discharged from his dealing convictions, but instead was just "turned over" to serve the alcohol related sentences. The State contends that because Meeker cannot point to any such discharge notices relating to his dealing sentences, those sentences were not discharged. However, Indiana Code Section 35–50–6–2 provides; "A person imprisoned for a misdemeanor shall be discharged when he completes his fixed term of imprisonment, less credit time he has earned with respect to that

term." We have found no comparable statute specifically dealing with the discharge of felonies. Because Meeker's dealing convictions were felonies, we cannot conclude that an absence of an actual discharge notice is indicative of the dealing sentences not being discharged; the discharge occurred as a matter of law, whether or not notice was given.

Our decision is also consistent with the parole release agreements that Meeker signed. The first agreement, signed on September 1, 1995, provides that the maximum sentence for Meeker's dealing convictions expired on March 5, 2002. On the other hand, the October 12, 2000, agreement provides that the maximum expiration of his alcohol related sentences was March 15, 2002. The different expiration dates indicate that when Meeker signed the 2000 parole release agreement, he was paroled on sentences other than the dealing sentences, which were set to expire ten days before the alcohol related convictions. If Meeker's 2000 parole was in fact based on the alcohol related convictions, the parole board improperly revoked his parole and ordered him to serve the remainder of his dealing sentences. We are left with the firm belief that an error has been made and reverse the decision of the post-conviction relief court.

### Conclusion

We disagree with the State's assertion that Meeker's dealing sentences were not effectively discharged when he was "turned over" to serve the alcohol related sentences in 1998. Thus, the dealing sentences could not be the basis of his 2000 parole revocation. We reverse.

Reversed.

DARDEN, J., and MAY, J., concur.