**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 29 2014, 10:19 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN SULLIVAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1309-CR-750 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt Eisgruber, Judge
Cause No. 49G01-0201-FB-20484

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Steven Sullivan appeals the trial court's denial of his Petition to Issue Order Terminating Parole. He presents the following restated issue: Was Sullivan's sentence in the instant cause effectively discharged when he began serving a consecutive sentence for an unrelated conviction?

We affirm.

Sullivan was convicted in 2003 of class B felony possession of a firearm by a serious violent felon (SVF) and class D felony operating a vehicle while a habitual traffic violator. He was also adjudicated a habitual offender. Sullivan was sentenced to an aggregate term of sixteen years in the Indiana Department of Correction (the DOC). The trial court later modified the sentence to six years in the DOC and ten years in community corrections. After violating the conditions of community corrections, Sullivan was returned to the DOC in December 2005 to serve the remainder of his sentence.

Sullivan was released to parole in June 2007. Thereafter, in April 2008, he committed a new crime and was charged under Cause No. 49G01-0804-FC-097528 with class C felony operating a vehicle after license forfeited for life (OVLFL). Sullivan pleaded guilty to OVLFL and was sentenced to three years to be served consecutive to the SVF sentence. As a result of the OVLFL conviction, Sullivan's parole in the instant SVF case was revoked and he was returned to the DOC.

On May 12, 2011, Sullivan was again placed on parole status in the SVF case for a term of twenty-four months. The following day he began serving his consecutive sentence for OVLFL. In June 2011, Sullivan's OVLFL sentence was modified to two years of

community corrections. Upon his release to community corrections, the DOC issued a change-of-commitment form indicating that Sullivan was subject to "dual obligation parole and court supervision." *Exhibits* at 23 (capitalization omitted). Sullivan was scheduled to remain on parole status with respect to the SVF case until May 12, 2013.

On August 31, 2011, Sullivan filed with the trial court a petition to issue order terminating parole. Although Sullivan served the Marion County Prosecutor's Office with the petition, he did not serve the DOC, the Indiana Parole Board, or the Office of the Indiana Attorney General. The trial court held at least two hearings on the petition. In the meantime, Sullivan violated the rules of community corrections and was charged with disorderly conduct. At a hearing on December 8, 2011, the trial court sent Sullivan back to the DOC in the OVLFL case and granted Sullivan's petition to terminate parole in the SVF case. The court issued a written order on December 14, 2011, granting the petition to terminate parole (the Parole Termination Order). Sullivan was released to parole in the OVLFL case on June 29, 2012.

On or about October 5, 2012, Sullivan was charged in another county with class C felony OVLFL and class A misdemeanor operating while intoxicated. As a result, on October 9, 2012, a parole violation warrant was served in the instant SVF case, as well as the original OVLFL case. In December 2012, Sullivan obtained from the court a copy of the Parole Termination Order and sent it to the DOC. Upon learning of the Parole Termination Order, the DOC, by its chief counsel, notified the trial court of its position that Sullivan remained under parole supervision pursuant to Ind. Code Ann. § 35-50-6-1 (West, Westlaw

3

current with all legislation of the 2nd Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014). Thereafter, Sullivan petitioned the court to set a hearing on the enforcement of the Parole Termination Order. At the beginning of the hearing on April 5, 2013, the trial court set aside the Parole Termination Order for lack of notice to the proper parties. The court then heard evidence and argument anew on Sullivan's 2011 termination petition. On August 6, 2013, the trial court issued a written order denying Sullivan's request to terminate his parole status in the SVF case. Sullivan now appeals, alleging that he was effectively discharged when he began serving his consecutive sentence in the unrelated OVLFL case.

The issue before us is a pure question of law, which does not require reference to extrinsic evidence, inferences drawn from that evidence, or the consideration of credibility questions. Accordingly, our review is de novo, and we give no deference to the trial court's legal conclusions. *State v. Metcalf*, 852 N.E.2d 585 (Ind. Ct. App. 2006), *trans. denied*.

In support of his argument, Sullivan relies on *Meeker v. Ind. Parole Bd*., 794 N.E.2d 1105 (Ind. Ct. App. 2003), *trans. denied*. After being released to parole, Meeker violated parole by committing new crimes. Meeker was returned to the DOC to serve the remainder of his original sentence. While he was serving that sentence, the parole board reviewed his sentence and expressly determined that he should be "turned over to another commitment" on July 21, 1998. *Id*. at 1107. He then began serving time for the new crimes. He was released from the DOC on October 12, 2000 and placed on parole. Shortly thereafter, Meeker violated parole by committing a new crime. On November 2001, the parole board revoked

4

his parole with respect to the original convictions. Meeker challenged the parole revocation. On appeal, we held that "the parole board could not effectively suspend Meeker's parole on one set of sentences until after he served the sentences on other unrelated convictions." *Id*. at 1108. We concluded further that "when the parole board 'turned over' Meeker to begin serving the alcohol related sentences, it effectively discharged him from the remainder of the dealing convictions." *Id*. at 1109.

As recognized in *Baldi v. State*, 908 N.E.2d 639 (Ind. Ct. App. 2009), a number of subsequent cases have distinguished *Meeker* and significantly limited its reach. Without recounting each of these holdings, it is sufficient to observe that, unlike in *Meeker*, there is no evidence the parole board took action to discharge or "turn over" Sullivan's SVF sentence. *See Mills v. State*, 840 N.E.2d 354 (Ind. Ct. App. 2006); *Hannis v. Deuth*, 816 N.E.2d 872 (Ind. Ct. App. 2004). Moreover, it is not the case that going from serving one sentence to serving another unrelated consecutive sentence automatically discharges the defendant from the first sentence.[1] *See Mills v. State*, 840 N.E.2d 354. Rather, upon completion of the first sentence (less credit time), a defendant begins his parole status with respect to that sentence even though part or all of the parole period will pass while the defendant is serving the consecutive sentence. *See id*.

I.C. § 35-50-6-1 provides in relevant part as follows:

---

[1] Sullivan attempts to argue that it matters whether the consecutive sentence arose from an unrelated conviction or from a single judgment. It does not. *See Mills v. State*, 840 N.E.2d at 360 ("[e]ven though Mills's consecutive sentences were from unrelated convictions while the consecutive sentences in *Hannis* were from a single judgment, we conclude that the principles enunciated in *Hannis* apply").

(a) …when a person imprisoned for a felony completes the person's fixed term of imprisonment, less the credit time the person has earned with respect to that term, the person shall be:

    (1) released on parole for not more than twenty-four (24) months, as determined by the parole board…:

* * *

(b) …. A person released on parole remains on parole from the date of release until the person's fixed term expires, unless the person's parole is revoked or the person is discharged from that term by the parole board. In any event, if the person's parole is not revoked, the parole board shall discharge the person after the period set under subsection (a) or the expiration of the person's fixed term, whichever is shorter.

Accordingly, on May 12, 2011, Sullivan's twenty-four-month parole status with respect to the SVF sentence began. Part of that parole period passed while he was serving his sentence for OVLFL. Upon his release from prison on June 29, 2012, Sullivan was on parole status with respect to both the SVF and OVLFL sentences. Sullivan violated the conditions of his parole by committing new crimes in October 2012. The trial court properly denied Sullivan's petition to terminate parole, as Sullivan remained under the purview of the parole board.

    Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.