FILED

08/31/2017, 10:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances H. Barrow
Deputy Attorney General
Indianapolis, Indiana

APPELLANT PRO SE

Samuel L. Hobbs, Jr.
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel L. Hobbs, Jr., | August 31, 2017 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 33A01-1704-MI-734 |
| v. | Appeal from the Henry Circuit Court |
| Keith Butts, | The Honorable Kit C. Dean Crane, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 33C02-1703-MI-19 |

**Bailey, Judge.**

# Case Summary

[1] Pro-se Appellant Samuel L. Hobbs, Jr. ("Hobbs") appeals the trial court's summary disposition of his petition for a writ of *habeas corpus*. We affirm.

# Issues

[2] Hobbs presents five issues for review, which we consolidate and restate as the following two:

> I. Whether the trial court erroneously treated the petition as one for post-conviction relief; and

> II. Whether Hobbs is entitled to *habeas* relief because his sex offender sentence had been discharged and he had no parole obligation at the time of the revocation proceedings.

# Facts and Procedural History

## Cause No. 12

[3] On January 12, 2006, a jury convicted Hobbs of Residential Entry, Battery, and Criminal Deviate Conduct under Cause Number 18C05-0506-FA-12 ("Cause 12"). He was sentenced to three years, one year, and twenty years, respectively, with the Residential Entry and Battery sentences concurrent, but consecutive to the Criminal Deviate Conduct sentence. Accordingly, Hobbs received an aggregate sentence of twenty-three years. His convictions and sentence were affirmed on direct appeal. *Hobbs v. State*, No. 18A04-0602-CR-95 (Ind. Ct. App. Jan. 24, 2007).

[4] On July 19, 2007, Hobbs filed a petition for post-conviction relief and alleged that he had been denied the effective assistance of trial counsel. His petition was denied on December 28, 2010; the denial was affirmed on appeal. *Hobbs v. State*, No. 18A04-1101-PC-46 (Ind. Ct. App. Nov. 7, 2011).

[5] On July 23, 2014, Hobbs filed a petition for modification of his sentence pursuant to Indiana Code Section 35-38-1-17. The petition was denied on August 11, 2014, and Hobbs appealed. A panel of this Court affirmed the denial. *Hobbs v. State*, No. 18A05-1408-CR-394 (Ind. Ct. App. Jan. 29, 2015).

## Cause No. 16

[6] Hobbs had previously been convicted of Theft in the Delaware Circuit Court, in Cause Number 18C04-0501-FD-16 ("Cause 16"), and was on probation when he committed Residential Entry, Battery, and Criminal Deviate Conduct. Hobbs was found to have violated his probation in Cause 16 when he committed new offenses. He was remanded to the Indiana Department of Correction ("the DOC") to serve his two-year sentence for Theft, consecutive to the sentences imposed in Cause 12.

## Course of Proceedings

[7] On December 18, 2006, Hobbs completed his sentence for Residential Entry in Cause 12. On the following day, he began serving his sentence for Criminal

Deviate Conduct. On March 21, 2013, Hobbs entered parole status[1] under Cause 12, such that his period of parole would run while he was imprisoned on the sentence in Cause 16.[2] As a convicted sex offender, Hobbs was subject to a period of parole of up to ten years.[3]

[8] On March 22, 2013, Hobbs began serving his sentence under Cause 16. The Cause 16 sentence was discharged on December 21, 2013. Having been discharged on the Residential Entry, Battery, and Theft sentences, Hobbs left prison subject only to parole supervision for the sex offense.

[9] On April 16, 2014, Hobbs violated his parole. He was imprisoned, but was again released to parole on May 28, 2015. On October 15, 2015, Hobbs violated parole. His parole was again revoked.

[10] On March 2, 2017, Hobbs filed a petition for a writ of *habeas corpus* together with a supporting brief. He alleged that the parole revocation occurred after his maximum release date and thus, he was wrongfully imprisoned. On March 27, 2017, the State filed a motion for summary disposition together with a

---

[1] Parole is "the release of a prisoner from imprisonment before the full sentence has been served." *Harris v. State*, 762 N.E.2d 163, 167 (Ind. Ct. App. 2002). "While on parole, the prisoner remains in the legal custody of the parole agent and warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until discharged as provided by law." *Overlade v. Wells*, 127 N.E.2d 686, 690 (Ind. 1955). Although parole is an "amelioration of punishment," it is, in legal effect, still imprisonment. *Id.* at 691.

[2] *See Mills v. State*, 840 N.E.2d 354, 359 (Ind. Ct. App. 2006) (recognizing that an offender may be partially serving his parole for one offense while serving another sentence).

[3] Ind. Code § 35-50-6-1(d).

supporting brief. On the same day, the trial court denied Hobbs' petition, which it treated as a petition for post-conviction relief. This appeal ensued.

# Discussion and Decision

## Classification of Petition

[11] Hobbs asserts that the State could not legally incarcerate him after December 21, 2013, the date of his discharge on Cause 16. Indiana Code Section 34-25.5-1-1 provides:

> Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal.

"One is entitled to *habeas corpus* only if he is entitled to his immediate release from unlawful custody." *Partlow v. Superintendent, Miami Correctional Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on unrelated issue as stated in Paul v. State*, 888 N.E.2d 818, 826 (Ind. Ct. App. 2008), *trans. denied*. Hobbs' petition for a writ of *habeas corpus* alleges that he is being unlawfully imprisoned because his sentence was discharged and he was not then on parole subject to revocation.

[12]    Before reaching the merits of Hobbs' petition,[4] the trial court determined that the petition should be treated as one for post-conviction relief, as follows:

> The Court construes Hobbs Jr.'s petition as a petition for post-conviction relief. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008) (explaining that a challenge to the revocation of parole is a petition for post-conviction relief).

> An action for post-conviction relief may be decided by summary disposition on the pleadings. Rule 1, §§ 4(f) and 4(g), Indiana Rules of Procedure for Post-Conviction Remedies; *Diaz v. State*, 753 N.E.2d 724, 727 (Ind. Ct. App. 2001).

(App. at 5.)

[13]    Hobbs argues that he has steadfastly maintained his entitlement to immediate discharge and his petition was not one for post-conviction relief and thus, the petition should not have been decided by the summary disposition procedure of Post-Conviction Rule 1(4)(g):

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is

---

[4] At first blush, it appears that the trial court summarily dismissed the petition. Nevertheless, contrary to this assertion, the trial court addressed the merits of Hobbs' petition, calculated the term of his parole, and ultimately determined that Hobbs was still subject to punishment for the sex offense conviction.

raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

[14] Hobbs' petition did not challenge the validity of his 2006 conviction or sentence; nor did he allege that the revocation was obtained without sufficient evidence or due process of law. It thus appears that he appropriately captioned his claim as one for *habeas corpus*.[5] However, we need not decide whether the trial court properly determined that Hobbs' petition was subject to summary disposition under the post-conviction rule, because Hobbs has asked that we decide the merits of his case. *See Partlow*, 756 N.E.2d at 982 ("we need not reach the issue of whether Partlow was entitled to a hearing on his properly-denominated petition for writ of habeas corpus because Partlow requests that we decide the merits of this case.") We, like the *Partlow* Court, will proceed to address the merits notwithstanding the trial court's classification of the petition as one for post-conviction relief.

## Merits of Petition for a Writ of Habeas Corpus

[15] In ruling on the merits of Hobbs' petition, the trial court made the following findings of fact and conclusions:

---

[5] The trial court stated, in reliance upon *Hardley v. State*, 893 N.E.2d 740 (Ind. Ct. App. 2008), that a challenge to the revocation of parole is a petition for post-conviction relief. In *Hardley*, the petitioner challenged the revocation of parole by alleging a lack of notice of a violation but did not argue that he was no longer subject to DOC authority. We do not read *Hardley* so broadly as to provide that any *habeas corpus* petition relative to parole revocation amounts to a petition for post-conviction relief.

Hobbs Jr. is challenging the revocation of his parole because he alleges that his parole revocation occurred after his maximum release date.

Hobbs Jr. entered parole status under Cause Number 18C05-0506-FA-12 ("Cause 12") for the criminal deviate conduct conviction on March 21, 2013.

Thereafter, on March 22, 2013, Hobbs Jr. began serving his sentence under Cause Number 18C04-0501-FD-16 ("Cause 16"). This sentence was discharged on December 21, 2013. This did not discharge either the sentences or the other parole obligations under Cause 12.

On December 21, 2013, Hobbs began serving his up to ten year parole under Cause 12, a qualifying sex offense.

On April 16, 2014, Petitioner violated his parole. At the time of this violation Petitioner was still serving his ten year parole obligations under Cause 12.

On May 28, 2015, Petitioner was released on parole under Cause 12. On October 15, 2015, Petitioner violated his parole while still serving his ten year parole obligation under Cause 12.

Accordingly, Hobbs Jr. is not entitled to immediate release and his parole was properly revoked because he was still on parole when he admittedly violated that parole.

(App. at 6.)

[16]   Pursuant to Indiana Code Section 35-50-6-1, a felon is released to either parole or probation. With respect to any given sentence imposed for a felony, a person

is in one of four stages. *Hannis v. Deuth*, 816 N.E.2d 872, 877 (Ind. Ct. App. 2004). First, he is waiting to start serving the sentence; second, he is serving the sentence; third, he is on parole on the sentence; and fourth, he is discharged from the sentence. *Id.* To be entitled to release, Hobbs would need to show that he had been discharged from the Criminal Deviate Conduct sentence.

[17] On appeal, the parties herein do not dispute factual events; they disagree as to whether those facts culminated in a sentence discharge. An issue presented on appeal is a pure question of law when the question does not require reference to extrinsic evidence, inferences drawn from that evidence, or the consideration of credibility questions. *Bader v. Johnson*, 732 N.E.2d 1212, 1216 (Ind. 2000). This is such a question, which we review de novo. *See Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008).

[18] Hobbs argues: the State was required, pursuant to Indiana Code Section 35-50-6-1, to "release" Hobbs to formal parole on Cause 12 on March 21, 2013, the date of reaching mandatory parole status; a notation in the DOC computer system of parole eligibility did not effect this "release"; instead, a "release" is to be accomplished by his signing a State Form 23R;[6] when the State failed to effect a "release" to parole, Hobbs was "turned over" to begin serving his sentence in Cause 16 free of a parole obligation in Cause 12; or "at a

___

[6] This is a Conditional Parole Release Agreement.

minimum," his parole supervision was suspended until after he served his consecutive sentence under Cause 16. Appellant's Brief at 17, 28.

[19] Hobbs has not provided authority for the proposition that failure to "release" him from prison on March 21, 2013 via obtaining his signature on a State Form 23R effected a discharge of the sentence in Cause 12. Moreover, he ignores the requirement of sex-offender parole for up-to ten years when he suggests that a temporary suspension would have provided him some relief.

[20] Indiana Code Section 35-50-6-1(d) provides in relevant part, "[w]hen a sex offender (as defined in IC 11-8-8-4.5) completes the sex offender's fixed term of imprisonment, less credit time earned with respect to that term, the sex offender shall be placed on parole for not more than ten (10) years." An offender "released on parole remains on parole from the date of release until the person's fixed term expires, unless the person's parole is revoked or the person is discharged from that term by the parole board." Ind. Code § 35-50-6-1(b). An offender "whose parole is revoked shall be imprisoned for all or part of the remainder of the person's fixed term." Ind. Code § 35-50-6-1(c).

[21] As for his contention that the Parole Board essentially "turned over" and discharged his sentence by failing to timely present him with State Form 23R, Hobbs supports his argument by directing our attention to *Meeker v. Ind. Parole Bd.*, 794 N.E.2d 1105 (Ind. Ct. App. 2003), *trans. denied*. Meeker was serving two concurrent sentences following his convictions for drug dealing in 1991, and was thereafter released to parole in 1995. *See id.* at 1106. While on parole,

he was convicted of alcohol-related crimes in 1996 and sentenced to serve the remainder of his 1991 sentence. While Meeker was incarcerated on the 1991 drug sentence, the Parole Board voted that he should be "turned over to another commitment" on July 21, 1998 and used the phrase in its revocation form. *Id.* at 1107.

[22] On October 12, 2000, Meeker was released to parole after serving the five-year sentence less the applicable credit time. The dealing convictions were used as the basis for Meeker's parole. After Meeker was convicted of carrying a firearm without a license in 2001, his parole was revoked. The Parole Board then reinstated the remaining sentence on the 1991 drug dealing conviction.

[23] On appeal, a panel of this Court determined that the "turn over" by the Parole Board amounted to a discharge from Meeker's dealing sentence and that Meeker could not again be required to serve the remainder of his dealing sentence later. As there was no statutory or common law definition of "turn over," the Court construed the phrase against the State. *Id.* at 1109.

[24] Subsequent application of *Meeker* has focused on whether the Parole Board used the words "turned over." A "turn-over" eliminating a parole obligation occurs when the Board explicitly states such and has the intent to discharge the sentence. *See Baldi v. State*, 908 N.E.2d 639, 642 (Ind. Ct. App. 2009) (holding that a sentence was not discharged where there was no use of the phrase "turn over" or expression of intent to discharge the sentence). *See also Pallett v. State*, 901 N.E.2d 611, 614 (Ind. Ct. App. 2009) (*Meeker* inapplicable where no

expressed intent by Parole Board to discharge a sentence and the vote form listing potential actions by the Parole Board did not show "Granted Turnover" option checked ), *trans. denied*, and *Mills*, 840 N.E.2d at 358 (no evidence was presented that the Parole Board took action to discharge or "turn over" a sentence).

Hobbs has not directed us to any facts of record that indicate the Parole Board intended to discharge his sentence on the sex offense. He does not point to any "turn over" language used by the Parole Board. Instead, he baldly asserts that no vote by the Parole Board was required in his case. However, he fails to support this assertion with citation to relevant authority. Hobbs has not shown that his Criminal Deviate Conduct sentence has been discharged.

# Conclusion

The record does not demonstrate that Hobbs' sentence for Criminal Deviate Conduct was discharged, suspended, or "turned over" to a new commitment by the Parole Board. He was on parole, serving an up-to-ten-year term, when his parole was revoked. Thus, Hobbs did not show he is being illegally restrained and the trial court did not err when it denied Hobbs' petition for a writ of *habeas corpus*.

Affirmed.

Baker, J., and Altice, J., concur.