FILED

Jan 19 2018, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Jeffrey Arnold | Curtis T. Hill, Jr. |
| New Castle, Indiana | Attorney General of Indiana |
| | |
| | Andrea E. Rahman |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey Arnold, | January 19, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 33A01-1705-MI-1044 |
| v. | Appeal from the Henry Circuit Court |
| Keith Butts, Warden of the New Castle Correctional Facility | The Honorable Kit C. Dean Crane, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 33C02-1611-MI-120 |

**Altice, Judge.**

## Case Summary

[1] Jeffrey Arnold appeals pro se from the denial of his petition for writ of habeas corpus. On appeal, Arnold argues that the trial court erred in rejecting his

argument that his detention following the revocation of his parole was illegal because his parole had been discharged prior to the alleged violation.

[2] We affirm.

## Facts & Procedural History

[3] The relevant facts are not in dispute. On November 17, 2005, Arnold was sentenced to ten years in prison for sexual misconduct with a minor under cause number 57C01-0506-FB-37 (Cause 37). On December 15, 2005, Arnold was sentenced to six months for resisting law enforcement in cause number 57C01-0601-FD-01 (Cause 01). On January 18, 2006, Arnold was sentenced to twenty years in prison for battery under cause number 57C01-0412-FB-56 (Cause 56). The sentences in Causes 37 and 56 were to be served concurrently, while the sentence in Cause 01 was to be served consecutively to Causes 37 and 56.

[4] Arnold was released to parole status in Cause 37 on December 17, 2013, but remained incarcerated on Cause 56. Arnold was released to parole status in Cause 56 on April 29, 2014, at which time he began serving the consecutive six-month sentence in Cause 01. Arnold was released from prison on parole on July 29, 2014, and his sentence under Cause 01 was discharged on October 28, 2014. In February 2015, warrants were issued for Arnold's arrest under Causes

37 and 56 for an alleged parole violation.[1] Arnold's parole was subsequently revoked, and he was ordered to serve the remainder of his time under Causes 37 and 56.

[5] Arnold filed his petition for writ of habeas corpus on November 28, 2016, in which he argued that his detention was illegal because his parole had been discharged prior to the violation on which the revocations were premised. Specifically, he argued that his terms of parole in Causes 37 and 56 were discharged on April 28, 2014, when he began serving his sentence under Cause 01. In response, Warden Keith Butts of the New Castle Correctional Facility filed a motion for summary disposition, treating Arnold's filing as a petition for post-conviction relief rather than a petition for writ of habeas corpus. On January 31, 2017, the trial court granted Warden Butts's motion for summary disposition and denied Arnold's request for relief. Arnold now appeals.

## Discussion & Decision

[6] As an initial matter, we note that the trial court construed Arnold's petition as a petition for post-conviction relief rather than habeas corpus, and therefore entered summary disposition under Post-Conviction Rule 1(4)(g). Arnold argues in a footnote that this was error, but he does not ask us to remand for a hearing. Because Arnold asks us to decide this case on the merits, we need not consider whether the trial court properly determined that Arnold's petition was

---

[1] The nature of the violation or violations is unclear on the record before us.

subject to summary disposition. *See Hobbs v. Butts*, 83 N.E.3d 1246, 1249 (Ind. Ct. App. 2017).

[7] The parties in this case do not dispute any factual events; rather, they disagree as to whether those facts resulted in the discharge of Arnold's sentences in Causes 37 and 56 prior to the revocation of his parole. Thus, we are presented with a pure question of law, which we review de novo. *Id.* at 1250.

[8] Pursuant to Ind. Code § 35-50-6-1, when a person imprisoned for a felony completes his fixed term of imprisonment, less credit time earned, he is released to parole unless discharged by a finding of the committing court or released to probation. As this court recently explained:

> With respect to any given sentence imposed for a felony, a person is in one of four stages. *Hannis v. Deuth*, 816 N.E.2d 872, 877 (Ind. Ct. App. 2004). First, he is waiting to start serving the sentence; second, he is serving the sentence; third, he is on parole on the sentence; and fourth, he is discharged from the sentence. *Id*.

*Hobbs*, 83 N.E.3d at 1250.

[9] As a general matter, an offender who is released to parole will serve either the remainder of his fixed term of imprisonment or twenty-four months on parole, whichever is less. I.C. § 35-50-6-1(a), (b). However, the statute contains an exception for sex offenders, which is defined to include individuals convicted of sexual misconduct with a minor. I.C. § 35-50-6-1(d); Ind. Code § 11-8-8-4.5. Specifically, when a sex offender completes his fixed term of imprisonment, less

credit time, he "shall be placed on parole for not more than ten (10) years." I.C. § 35-50-6-1(d). *See also Bleeke v. Lemmon*, 6 N.E.2d 907, 939 (Ind. 2014) (noting that I.C. § 35-50-6-1(b), which limits an offender's term of parole to the lesser of twenty-four months or the expiration of the offender's fixed term of imprisonment, does not apply to sex offenders under I.C. § 35-50-6-1(d)). It is well settled that an offender may be on parole for one offense while incarcerated for another offense. *Mills v. State*, 840 N.E.2d 354, 359-60 (Ind. Ct. App. 2006); *Hannis*, 816 N.E.2d at 877.

[10]    With respect to Cause 37, Arnold completed the executed portion of his ten-year sentence for sexual misconduct with a minor, less credit time, on December 17, 2013. Because Cause 37 involved a sex offense, Arnold was required pursuant to I.C. § 35-50-6-1(d) to be on parole for up to ten years from that date, notwithstanding his continued incarceration on the concurrent sentence in Cause 56 and the consecutive sentence in Cause 01. Neither the parole board nor the committing court took any action to discharge Arnold's parole prior to the February 2015 violation. Thus, Arnold remained on parole in Cause 37 at the time of the violation and revocation at issue.

[11]    When Arnold entered parole status on Cause 56 on April 29, 2014, he had more than twenty-four months remaining on his fixed term of imprisonment in that case. Pursuant to I.C. § 35-50-6-1(a)-(b), Arnold began a twenty-four-month term of parole in Cause 56 on that date, notwithstanding his continued incarceration on the consecutive sentence in Cause 01. Thus, Arnold would have been on parole in Cause 56 until April 29, 2016. Arnold was clearly on

parole in Cause 56 when the February 2015 violation and revocation took place.

[12] On appeal, Arnold argues that his parole in Causes 37 and 56 should have been discharged as a matter of law because he was not released from prison at the expiration of his executed sentences in those causes, as he had concurrent and/or consecutive sentences remaining to be served. Arnold acknowledges our prior case law clearly holding that an individual may be on parole for one offense while remaining incarcerated on another offense, but he argues that those holdings were incorrect. We are unpersuaded. In essence, Arnold suggests that the parole statute as written rewards offenders for having multiple consecutive and/or concurrent sentences by allowing them to avoid parole on all but their last-served sentence, even where, as here, the result would be a much shorter overall term of parole. The parole statutes simply do not require such a perverse result.

[13] Arnold cites *Meeker v. Ind. Parole Bd.*, 794 N.E.2d 1105 (Ind. Ct. App. 2003), *trans. denied*, in support of his argument. Arnold's reliance on *Meeker* is misplaced. In that case, the defendant's parole for two 1991 dealing offenses was revoked in September 1996 and he was ordered to serve the remainder of those sentences. In July 1998, the parole board decided that Meeker would be "turned over to another commitment," which allowed him to begin serving a five-year aggregate sentence for several 1995 alcohol-related convictions. *Id.* at 1107. After completing the executed portion of the alcohol-related sentences, Meeker was again released to parole on October 13, 2000. Meeker was charged

with several gun-related offenses in December 2000, and his parole for the 1991 dealing offenses was again revoked. On appeal, Meeker argued that when the parole board "turned over" his dealing sentences in July 1998, those sentences were effectively discharged and could no longer be used as a basis for parole at a later date. *Id.* at 1107-08. This court agreed, concluding that "Meeker should not have been paroled on the dealing convictions after he was 'turned over' to and did in fact serve the alcohol related sentences" and that "the parole board could not effectively suspend Meeker's parole on one set of sentences until after he served the sentences on other unrelated convictions." *Id.* at 1108. Accordingly, this court reversed the revocation of Meeker's parole.

[14] *Meeker* is inapposite. Arnold received no statement from the parole board that his sentences under Causes 37 and 56 were discharged or "turned over," nor did the parole board effectively suspend his parole in those causes until after he served his sentence in Cause 01. Rather, Arnold's terms of parole in Causes 37 and 56 ran from the date he completed the executed portion of each respective sentence, less credit time, as required by statute. That Arnold remained incarcerated on concurrent and/or consecutive sentences while on parole is of no practical consequence. As set forth above, Arnold was on parole in Causes 37 and 56 when the violation giving rise to the revocations took place.

[15] Finally, Arnold argues that I.C. § 35-50-6-1 violates the separation of powers doctrine. Because Arnold raises this argument for the first time on appeal, it is waived. *See Mid-States Gen. & Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425, 436 (Ind. Ct. App. 2004) (explaining that "[a]n appellant who

presents an issue for the first time on appeal waives the issue for purposes of appellate review"). *But see Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53-54 (Ind. 2013) (explaining that "appellate courts are not prohibited from considering the constitutionality of a statute even though the issue otherwise has been waived").

[16]     Waiver notwithstanding, Arnold's argument is without merit. Article 3, Section 1 of the Indiana Constitution provides that "[t]he powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial: and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." "The separation of powers doctrine recognizes that each branch of the government has specific duties and powers that may not be usurped or infringed upon by the other branches of government." *State v. Monfort*, 723 N.E.2d 407, 411 (Ind. 2000).

[17]     Arnold contends that by enacting a statute providing that an offender is placed on parole as a matter of law upon the completion of the executed portion of a sentence, the legislature has usurped the authority of the executive branch—specifically, the parole board. But it is well settled that an administrative agency such as the parole board has only such authority as is conferred upon it by the legislature pursuant to statute. *See Planned Parenthood of Ind. v. Carter*, 854 N.E.2d 853, 864 (Ind. Ct. App. 2006). The powers and duties of the parole board are set out in Ind. Code § 11-9-1-2, which expressly provides that the

parole board shall "make parole release and revocation decisions under IC 11-13-3 and IC 35-50-6-1[.]" Thus, I.C. § 35-50-6-1 does not allow the legislature to infringe upon the parole board's authority; rather, it sets forth some of the parameters of that authority. I.C. § 35-50-6-1 does not offend the separation of powers doctrine.

[18] Judgment affirmed.

[19] May, J. and Vaidik, C.J., concur.