



FILED
Jun 29 2018, 1:33 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 18S-CR-50

## Matthew Edmonds
*Appellant (Defendant below),*

—v—

## State of Indiana
*Appellee (Plaintiff below).*

Decided: June 29, 2018

Appeal from the Marion Superior Court, No. 49G05-1506-F3-20232
The Honorable Grant W. Hawkins, Judge

On Petition from the Indiana Court of Appeals,
No. 49A05-1703-CR-400

**Opinion by Justice David**

Chief Justice Rush, Justice Massa, Justice Slaughter, and Justice Goff concur.

**David, Justice.**

In *Paquette v. State*, a decision handed down today, we found that only one Level 3 felony conviction is authorized under Indiana Code section 35-44.1-3-1 when a defendant engages in a single act of resisting law enforcement while operating a vehicle that causes multiple deaths. Here, we decide a similar question: whether multiple felony convictions are authorized by Indiana Code section 35-44.1-3-1 where a single act of resisting law enforcement while operating a vehicle causes the death of one person and serious bodily injuries to two other people. We reach the same conclusion as we did in *Paquette*. As written, the statute permits only one conviction—in this case, the highest chargeable offense—for each instance of resisting law enforcement, regardless of how many people are harmed.

# Facts and Procedural History

On the morning of June 8, 2015, Matthew Edmonds entered a Walmart in Beech Grove, Indiana. Edmonds was observed stuffing a variety of food and clothing items into old plastic bags. He then walked past the point of sale without paying for those items. The store's asset protection manager, Timothy Dunlop, called 911 and told dispatchers about the theft. He also informed them that Edmonds had gotten into a tan Chevy Tahoe after leaving the store. Dunlop shared the vehicle's license plate number with dispatchers.

Beech Grove Police Officer Josh Hartman was the first to arrive on the scene. Officer Darrin McGuire also responded, but he waited outside the parking lot. When Officer Hartman entered the lot, he spotted a vehicle matching the description and pulled up behind it. Edmonds quickly sped off and exited the parking lot.

Officers Hartman and McGuire immediately gave chase with their lights and sirens activated. They followed Edmonds as he traveled northbound on a southbound lane of Emerson Avenue. Edmonds' vehicle reached speeds upwards of 80 miles per hour on a 40-mile-per-hour road. When Edmonds entered the intersection of Emerson Avenue and

Raymond Street, he drove through a gas station, jumped a median, and continued driving westbound on an eastbound lane of Raymond Street. Law enforcement, including Indianapolis Metropolitan Police Department ("IMPD") officers who later joined the chase, decided that it was too dangerous to keep pursuing Edmonds at such high speeds. They called off the chase, but stayed on the lookout for Edmonds.

Not long afterward, Edmonds re-emerged on State Street, near the Minnesota Street intersection. Edmonds was seen by IMPD officers traveling north on State Street's southbound lanes. Officers followed cautiously and Edmonds continued north, until he drove past a red light at the intersection of State Street and Prospect Avenue. At the same time, Donna Niblock was crossing that intersection in her Ford pickup truck, traveling west on Prospect Street. Her daughter, Ladonna Rogers was in the front passenger seat and her grandson, Johnathan Rogers, was in the back. All three had their seatbelts fastened.

As Edmonds ran the red light, his vehicle collided with the driver's side of Niblock's truck. The impact flipped Niblock's truck in the air. Niblock died as a result of her injuries. Ladonna and Johnathan Rogers survived the crash, but they each suffered serious bodily injuries.

The State charged Edmonds with a total of twelve counts. Among those were one count for resisting law enforcement by fleeing in a vehicle causing death, a Level 3 felony; and two counts for resisting law enforcement by fleeing in a vehicle causing serious bodily injury, Level 5 felonies. Edmonds was also charged with four counts related to leaving the scene of an accident—one for failure to remain at the scene of an accident with death, a Level 5 felony; two for failure to remain at the scene of an accident with injury, Level 6 felonies; and one for failure to remain at the scene of an accident, Class B misdemeanors. Edmonds was found guilty as charged on all twelve counts.

Edmonds successfully motioned to receive a judgment on the evidence on three charges related to driving with a suspended license. The trial court dismissed those charges, finding that the State failed to present sufficient evidence to support the jury's verdict. The trial court also merged the Level 3 felony resisting law enforcement causing the death of

another person charge with the Level 5 felony reckless homicide charge. On the remaining eight charges, Edmonds received an aggregate sentence of twenty-five years.

Edmonds appealed, arguing that the State did not present sufficient evidence to support a finding that he was still resisting law enforcement when the crash occurred. Edmonds then filed a motion for leave to file an amended brief. He planned to argue that multiple felony resisting law enforcement convictions were not permitted under the relevant statute. The Court of Appeals denied Edmonds' motion and decided that it would, *sua sponte*, address the concerns Edmonds planned to raise.

However, instead of addressing the statutory issue, the Court of Appeals dismissed a total of five convictions based on double jeopardy grounds not raised by either party. Two of the dismissed convictions were Level 5 felonies for resisting law enforcement. The other three were the lesser of the four convictions for failure to remain at the scene of an accident. The Court of Appeals also addressed the sufficiency of evidence issue Edmonds originally raised in his appeal. It found that the State presented sufficient evidence to support a finding that Edmonds was resisting law enforcement when the crash occurred and affirmed the remaining Level 3 felony resisting law enforcement conviction. The Court of Appeals then remanded to the trial court for resentencing on Edmonds' remaining convictions.

The State sought transfer, which we granted, thereby vacating the Court of Appeal's opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Matters of statutory interpretation, which inherently present pure questions of law, are reviewed de novo. *Jackson v. State*, 50 N.E.3d 767, 770 (Ind. 2016).

# Discussion and Decision

The facts presented in this case bear a remarkable similarity to those found in *Paquette v. State*. Both defendants used a vehicle to flee from law enforcement and the pursuit ended in a horrific crash involving innocent motorists. Both defendants also faced multiple felony resisting law enforcement charges stemming from a single act of resisting. But the issue presented here is a slightly different one. Whereas in *Paquette* we addressed whether multiple Level 3 felony convictions are permitted under Indiana Code section 35-44.1-3-1 where multiple people are killed, here the felony convictions varied in levels; one conviction was a Level 3 felony while two others were Level 5 felonies.

Thus, the precise question we address in this case is whether Indiana Code section 35-44.1-3-1 allows for a Level 3 felony and two Level 5 felony convictions stemming from a single act of resisting law enforcement where the act of resisting resulted in the death of one person and serious bodily injury to two others. Applying the *Paquette* holding, we find that here too the statute authorizes only one conviction—that is, the highest chargeable offense.

As a threshold matter, however, we address the constitutional basis for the Court of Appeals' decision to vacate five convictions.

## I. The doctrine of judicial restraint persuades us that we should avoid a constitutional question where a dispositive statutory question still exists.

In vacating Edmonds' convictions—two Level 5 felony resisting law enforcement counts and three lesser counts for leaving the scene of an accident—the Court of Appeals rooted its decision in constitutional double jeopardy prohibitions. It found that "under the actual evidence test, [all duplicative convictions] stemmed 'from the same action, on the same day, at the same place,' . . . because for the purposes of the charged incidents, Edmonds ran one light and crashed into one vehicle." *Edmonds v. State*, 86 N.E.3d 414, 418 (Ind. Ct. App. 2017) (internal citations omitted).

Accordingly, the court held that Edmonds could only be punished for one act of resisting law enforcement and one act of leaving the scene of an accident.

While a reviewing court can freely choose any apparent statutory or common law basis upon which to sustain a judgment, our Court has long cautioned against deciding cases on a constitutional basis where other options for disposing of the issue exist. When there are issues in a case that can be decided on either of two grounds—one involving a constitutional question and the other a question of statutory construction—the reviewing court should decide only the latter. *Indiana Wholesale Wine & Liquor Co. v. State ex. rel. Indiana Alcoholic Beverage Comm'n*, 695 N.E.2d 99, 106 (Ind. 1998). In other words, "'constitutional issues are to be avoided as long as there are potentially dispositive statutory or common law issues still alive.'" *Id.* at 107 (*quoting Bayh v. Sonnenburg*, 573 N.E.2d 398, 402 (Ind. 1991)).

Here, not only is a potentially dispositive issue—the statutory interpretation question related to Indiana Code section 35-44.1-3-1—still an option for resolving the matter, the Court of Appeals decided to vacate two Level 5 felony resisting law enforcement convictions based on constitutional grounds not raised by either party. Edmonds' motion for leave was denied because the Court of Appeals planned to address his concerns *sua sponte*. But rather than addressing the statutory construction argument Edmonds sought to raise, the court assessed the constitutionality of the felony resisting law enforcement convictions. It then applied the same rationale to the "failure to remain at the scene of an accident" convictions, which were not being challenged by either party.

Because a potentially dispositive statutory issue is still at play here, we elect to address whether the statute authorizes multiple convictions before considering any constitutional basis for vacating the resisting law enforcement convictions. Likewise, in the spirit of exercising judicial restraint, we decline to address the constitutionality of the multiple convictions for leaving the scene of an accident; we are not inclined to address these convictions *sua sponte*, as did the Court of Appeals.

To be clear, we do not second-guess or doubt the Court of Appeals' constitutional analysis. We also do not endorse it. Instead, we are persuaded by the doctrine of judicial restraint to exhaust other options for resolving the matter before deciding the constitutionality of a statute. We are also reluctant to address the constitutionality of convictions that no one has challenged. Accordingly, we put aside questions of double jeopardy and address only the statutory interpretation question, which we find resolves this matter.

## II. Indiana Code section 35-44.1-3-1 authorizes only one felony conviction where a single act of resisting causes death and serious bodily injury.

In *Paquette v. State*, we found that Indiana Code section 35-44.1-3-1, which makes resisting law enforcement unlawful, was intended to authorize only one Level 3 felony conviction for each act of resisting, even where multiple deaths are caused by the use of a vehicle. Our rationale relied on principles of statutory interpretation to conclude that each discrete incident outlined in subsection (a) constitutes a separate offense of resisting law enforcement. When more than one of those incidents occurs, we may uphold multiple resisting law enforcement convictions, but a single discrete incident can be the basis for only one conviction. We also found that subsection (b), which makes an offense under subsection (a) a felony, creates no new or independent offense; the subsection merely enhances the degree of the offenses outlined in subsection (a). Therefore, when a single act of resisting law enforcement while using a vehicle causes three deaths, as occurred in *Paquette*, the statute authorizes only one Level 3 felony resisting law enforcement conviction. This is because an offense that involves a single affray with police will continue to be a single harm to the peace and dignity of the State, regardless of how many other people are killed.

Like Paquette, Edmonds resisted law enforcement while using a vehicle. And like Paquette, Edmonds was charged and convicted under subsection (b). But Edmonds' multiple convictions were not all Level 3

felonies.  He was charged with one Level 3 felony for fleeing from law enforcement while "operat[ing] a vehicle in a manner that cause[d] the death of another person," Ind. Code § 35-44.1-3-1(b)(3), and was also charged with two Level 5 felonies for fleeing from law enforcement while "operat[ing] a vehicle in a manner that cause[d] serious bodily injury" to two people.  Ind. Code § 35-44.1-3-1(b)(2)

We find that the analysis in *Paquette* resolves the issue here.  Whether multiple people are killed or, as in this case, some are killed and others are seriously injured, the offense continues to be a single harm to the peace and dignity of the State if it stems from a single instance of resisting law enforcement.  Accordingly, Edmonds can be convicted of only one felony resisting law enforcement offense—whichever one is the most severe chargeable offense—where one act of resisting causes death and serious bodily injury.

## Conclusion

As written, Indiana Code section 35-44.1-3-1 authorizes only one conviction—the highest chargeable offense—where a defendant engages in a single instance of resisting law enforcement while using a vehicle and causes both death and serious bodily injury. Accordingly, we reverse the trial court on two Level 5 felony resisting law enforcement convictions, affirm the trial court as to the remaining convictions, and remand for resentencing.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT
Victoria L. Bailey
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana