

FILED

Jan 24 2019, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Troy D. Warner
Deputy Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Woodrow Morrison,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 24, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1073<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Elizabeth C.<br>Hurley, Judge<br><br>Trial Court Cause No.<br>71D08-1702-F3-11 |

**Shepard, Senior Judge.**

[1] James Morrison claims his convictions of both resisting law enforcement while operating a vehicle in a manner that causes death and operating a vehicle with a controlled substance in the body causing serious bodily injury violate his right against double jeopardy. Concluding that his rights were not violated, we affirm.

# Facts and Procedural History

In February 2017, a police officer observed a vehicle he believed was recently stolen. After using the plate number to confirm this belief, the officer attempted to stop the vehicle. The driver of the vehicle, who was later identified as Morrison, accelerated and refused to stop for the officer. Morrison disregarded a red traffic light and collided with a pick-up truck, killing its driver. Morrison's three passengers were also severely injured. The collision involved four other vehicles that were struck by either the stolen vehicle, the pick-up truck, or debris. Morrison admitted to medical personnel that he had used heroin earlier in the day, which was later confirmed by a blood test.

Morrison was charged with Count I resisting law enforcement while operating a vehicle in a manner that causes death, a Level 3 felony;[1] Count II operating a vehicle with a controlled substance in the blood causing death, a Level 4 felony;[2] and Counts III-V operating a vehicle with a controlled substance in the body causing serious bodily injury, all as Level 6 felonies.[3] Pursuant to a plea agreement, he pleaded guilty to all the charges. The plea agreement also reserved Morrison's "right to appeal his sentence regarding double jeopardy issues that may be directly related to issues raised by" this Court's decision in

---

[1] Ind. Code §§ 35-44.1-3-1(a)(3), (b)(3) (2016).

[2] Ind. Code § 9-30-5-5(b)(2) (2016).

[3] Ind. Code § 9-30-5-4(a)(2) (2014).

*Edmonds v. State*, 86 N.E.3d 414 (Ind. Ct. App. 2017), *trans. granted*. Appellant's App. Vol. 2, p. 37.

[4]     Pursuant to the parties' agreement, sentencing was left to the court's discretion. The court entered judgment on all counts but did so on the lesser-included offense of operating a vehicle while intoxicated as a Class A misdemeanor for Count II. The court sentenced Morrison to sixteen years on Count I and twelve months on Count II, to be served concurrently, and to thirty months each on Counts III-V, to be served consecutively to each other as well as consecutively to Counts I and II. The total is thus twenty-three and one-half years.

# Issue

[5]     Morrison presents one issue: whether his convictions violate double jeopardy.

# Discussion and Decision

[6]     Morrison contends that, in light of our Supreme Court's decision in *Edmonds v. State*, 100 N.E.3d 258 (Ind. 2018), his convictions of (1) resisting law enforcement while operating a vehicle in a manner that causes death, and (2) operating a vehicle with a controlled substance in the body causing serious bodily injury constitute a *statutory* double jeopardy violation.[4]

---

[4] Morrison's plea agreement reserved his right to appeal his sentence based upon this Court's decision in *Edmonds*, 86 N.E.3d 414. However, following Morrison's plea but prior to the filing of his appellate brief, our Supreme Court granted transfer in *Edmonds* and issued a decision in June 2018. Accordingly, on appeal Morrison bases his argument on the decision of our Supreme Court.

[7] In *Edmonds*, the defendant's convictions included one count of felony resisting law enforcement by fleeing in a vehicle causing death and two counts of felony resisting law enforcement by fleeing in a vehicle causing serious bodily injury. The Supreme Court held that Indiana Code section 35-44.1-3-1, which makes resisting law enforcement unlawful, authorizes only one felony conviction where a single act of resisting law enforcement while operating a vehicle causes both death and serious bodily injury, regardless of how many people are harmed. *Id.* at 262-63.

[8] Here, Morrison was convicted of only one offense under the resisting statute—resisting law enforcement while operating a vehicle in a manner that causes death. His convictions for causing serious bodily injury while operating a vehicle arise from the operating while intoxicated statute. *See* Appellant's App. Vol. 2, pp. 146-47; *see also* Ind. Code § 9-30-5-4(a)(2). In *Edmonds*, the Supreme Court plainly stated that its decision was specific to and rested only on the statutory grounds of the resisting statute. While a perpetrator who races away from police after a multiple victim collision commits only one "resisting," a perpetrator whose driving injures multiple victims commits multiple offenses under the operating statutes.

[9] Morrison's convictions do not create a statutory double jeopardy violation.

[10] In his brief to this Court, Morrison also includes a *constitutional* double jeopardy analysis. Assuming, *arguendo*, that his plea agreement permits a constitutional double jeopardy challenge, we conclude there is none. Morrison's convictions

for resisting law enforcement and operating a vehicle causing serious bodily injury involve separate victims. The driver of the pick-up truck is the victim of Morrison's resisting conviction, and Morrison's three passengers are the victims, individually, of his three convictions of operating a vehicle causing serious bodily injury. *See Rawson v. State*, 865 N.E.2d 1049 (Ind. Ct. App. 2007) (stating that our Supreme Court has repeatedly held that where convictions arise from situation where separate victims are involved, no double jeopardy violation exists), *trans. denied*.

# Conclusion

We conclude Morrison's convictions do not violate double jeopardy.

Affirmed.

Riley, J., and Kirsch, J., concur.