## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 06 2020, 9:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Frederick A. Young
New Castle, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Aaron T. Craft
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Frederick A. Young,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Keith Butts and Indiana Parole Board,<br>*Appellees-Respondents*. | March 6, 2020<br><br>Court of Appeals Case No.<br>19A-MI-1589<br><br>Appeal from the<br>Henry Circuit Court<br><br>The Honorable<br>Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1710-MI-125 |

**Kirsch, Judge.**

[1] Frederick A. Young ("Young") appeals from the trial court's order granting summary judgment in favor of Keith Butts and the Indiana Parole Board

(together, "the State") and denying Young's petition for writ of habeas corpus relief ("habeas petition"). Young raises several issues, which we consolidate and restate as:

> I. Whether the trial court should have construed Young's habeas petition as a petition for post-conviction relief; and

> II. Whether the trial court erred when it granted summary judgment in favor of the State.

We affirm.

## Facts and Procedural History

Young is currently incarcerated in the Indiana Department of Correction ("the DOC") at the New Castle Correctional Facility; his earliest possible release date is December 30, 2027. On November 19, 2004, Young was sentenced to thirty-five years for Class A felony child molesting. *Appellant's App. Vol. 2* at 18. Young remained incarcerated in the DOC until February 26, 2017, when he was released on parole. *Id*. at 36-37. While on parole, Young was required to comply with the conditions of parole and the parole stipulations related to his status as a sex offender. *Id*. at 31-33. Among these stipulations and conditions that Young was required to follow were: (1) not to have contact with minors without prior approval; (2) not to possess personal contact materials that contain information about persons who are seeking sexual relationships; (3) not to use an electronic device with internet connection to access any online

computer search without prior approval; and (4) not to possess or use alcohol and any illegal controlled substances. *Id*.

[4] On May 3, 2017, a warrant was issued for Young's arrest due to his allegedly having violated several conditions of his parole. He was taken into custody the same day. *Id*. at 43. On May 5, 2017, Young was provided with notice of the preliminary hearing and notice that he had violated five of the parole stipulations, including Rule #4, contact with minors, Rule #9, possession of personal contact materials, Rule # 10, unapproved computer or electronic device usage, Rule # 12, possession or use of alcohol or illegal controlled substances, and #19, unapproved relationship. *Id*. at 45. Young waived his right to a preliminary hearing and was provided notice of the June 15, 2017 parole violation hearing. *Id*. at 46-47. On June 1, 2017, Young requested a copy of the summary of his parole agent's statement, as well as any documents pertaining to the case, so he could prepare his defense. *Id*. at 48.

[5] On June 15, 2017, the Indiana Parole Board ("Parole Board") held a parole revocation hearing regarding Young's alleged violations. *Id*. at 52. Young admitted that he had received notice and that he was ready to proceed. *Ex. 1*. Young pleaded not guilty to all five allegations. *Appellant's App. Vol. 2* at 53; *Ex. 1*. After listening to evidence on the matter, the Parole Board found Young guilty of violating four conditions of his parole and issued the following findings of fact:

> [Rule #4]: Contact with Minors

Subject's personal phone was searched by Agent and had photos of a minor on his phone who Subject advised was his grandson, some of the photos were screen shots of a "face time" phone call.

[Rule #19]: Unapproved Relationship

Parole Agent searched Subject's phone and discovered various messages of the Subject looking for a physical relation [sic] and advising that he was busy at the moment and was actively involved in a physical relationship.

[Rule #10]: Unapproved Computer or Electronic Device Usage

Subject used his cell phone to access the internet for more than legal work and also had made a Facebook account where he was looking people up and talking to various people. Subject used the fake name of Tamosie Young. Subject was also using the phone to gain access to a dating app.

[Rule #12]: Possess or use of Alcohol or Illegal Controlled Substance

On 05/03/2017, Subject was given a drug test and failed for Meth.

All of the above occurred while the offender was a parolee.

*Appellant's App. Vol. 2* at 53-54.

[6] On October 16, 2017, Young filed a habeas petition, alleging that his parole revocation was in retaliation for a previous lawsuit he had filed against the Parole Board and that his parole agent and other parties conspired to adversely

affect his right to parole, to quash his First Amendment rights, and to deny him educational time and good time credits. *Id*. at 87-114. Young's retaliation claim was based on a motion for declaratory judgment and preliminary injunction that he had filed against the DOC and the Parole Board on February 3, 2017, asserting that the requirement that he wear a monitoring device was a violation of the Ex Post Facto Clause ("the declaratory judgment case"). *Id*. at 88. Young was arrested for his parole violations one day before a hearing was scheduled in the declaratory judgment case, which resulted in Young's failure to appear for the hearing and the trial court's dismissal of Young's motion in the declaratory judgment case. *Id*. In the habeas petition, Young also argued that he was entitled to relief because he was not provided with the evidence against him prior to the parole revocation hearing. *Id*. at 102. Further, Young challenged the constitutionality of Rule #10, the unapproved computer or electronic device usage condition. *Id*. at 106-13. Young requested that the trial court reverse the Parole Board's decision revoking his parole. *Id*. at 113.

[7]     On November 30, 2017, the State filed a motion for summary judgment, arguing that Young had pleaded guilty at the parole revocation hearing and, therefore, could not challenge the sufficiency of the evidence supporting the revocation, and that Young was afforded all of the process due at the hearing. *Id*. at 120-28. On January 3, 2018, Young filed an affidavit asserting that he did not plead guilty on May 5, 2017, or at any time thereafter. *Id*. at 141. Young then filed an amended brief in opposition to the State's motion for summary judgment, claiming that he did not ask the habeas court to discharge his

sentence, that the State produced a falsified document, and that the Parole Board ignored his request to receive evidence prior to the hearing. *Id*. at 144-53.

[8] On January 9, 2018, the trial court granted the State's motion for summary judgment on the ground that "the undisputed facts establish that parole was lawfully revoked" because Young "pleaded guilty to violating parole and was afforded due process during the hearing." *Id*. at 157-59. Young filed a motion to correct error, arguing that he did not plead guilty, the ruling was contrary to Supreme Court precedent, and the trial court did not apply the test for retaliation. *Id*. at 160-66. The trial court denied Young's motion to correct error on February 22, 2018. *Id*. at 178.

[9] Young appealed under case number 18A-MI-593. *Id*. at 179-82. The State filed a motion to remand, arguing that there was an issue of fact as to whether Young pleaded guilty to the parole violation and that Young's habeas petition should have been construed as a petition for post-conviction relief. *Id*. at 195-98. On August 6, 2018, this court remanded the case to the trial court to address the issues raised in the motion to remand. *Id*. at 199.

[10] On October 18, 2018, Young filed a motion to transfer the action to the court of conviction because his petition should be treated as one for post-conviction relief, not a habeas petition. *Id*. at 227-32. On March 7, 2019, Young filed a

motion for leave to amend his habeas petition. *Appellant's App Vol. 3* at 252-73.[1] The State filed a response to Young's motion, urging the trial court to deny the motion because Young raised no substantially different claims, the Parole Board found Young guilty based on sufficient evidence, and whether the document claiming he pleaded guilty was "falsified" is irrelevant to whether his parole was properly revoked. *Id*. at 277-81. On the same day, the trial court denied Young's motion for leave to amend his habeas petition. *Id*. at 284.

[11] On April 11, 2019, the trial court held a hearing on the State's motion for summary judgment. At that hearing, Young again argued that "this is not about whether the parole board had discretion to find me guilty of the parole violations, but rather the parole [agent] retaliated against me under the First Amendment for filing the Supreme Court action against the [P]arole [B]oard and the [DOC] on April 18, 2017." *Tr. Vol. 2* at 6. The State argued that summary judgment in its favor was appropriate because there was sufficient evidence to find Young violated the conditions of his parole. *Id*. at 5, 8.

[12] On May 2, 2019, the trial court entered its findings of fact and conclusions of law granting the State's motion for summary judgment. *Appellant's App. Vol. 3* at 285-86. The trial court determined that summary judgment in favor of the State was warranted because Young's parole was properly revoked, stating that regardless of whether or not he pleaded guilty, "Young's parole was lawfully

---

[1] We note that the page numbers in Young's Appellant's Appendix Volume 3 continue to be paginated consecutively from the end of Volume 2.

revoked because he was found guilty of violating parole by the Indiana Parole Board and was afforded due process during the hearing." *Id*. at 286. Young now appeals.

# Discussion and Decision

## I.    Post-Conviction Relief Petition

Young initially argues that the trial court erred in not treating his habeas petition as a petition for post-conviction relief. He contends that because his habeas petition attacked the validity of his parole revocation and did not assert that he was unlawfully incarcerated and entitled to immediate release, his habeas petition should have been properly considered by the trial court as a petition for post-conviction relief. Because it was not, Young asserts that we should reverse the trial court's decision and remand to the trial court for consideration under Indiana's Post-Conviction rules.

Such action is not necessary. The State agrees that the trial court should have construed Young's habeas petition as one for post-conviction relief.[2] Regardless of how the trial court construed Young's petition, the State maintains that we should address the merits of the appeal.

---

[2] We note that the State argued in its motion to remand Young's previous appeal under 18A-MI-593 that Young's habeas petition should have been construed as a petition for post-conviction relief, and this court remanded the case to the trial court to address the issues raised in the motion to remand. *Appellant's App. Vol. 2* at 195-99.

A petitioner may file a petition for post-conviction relief for many reasons, including because his "parole or conditional release [was] unlawfully revoked." Ind. Post-Conviction Rule 1(1)(a)(5). However, "[o]ne is entitled to habeas corpus *only* if he is entitled to his immediate release from unlawful custody." *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978) (emphasis added). "A prisoner can only obtain a discharge through habeas corpus. He cannot obtain a modification of his commitment." *Id*.

In recent years, this court has clarified that when a prisoner challenges his parole revocation on the basis that at the time the petition to revoke was filed, he was not actually on parole, his petition should be construed as a petition for writ of habeas corpus. *See Hale v. Butts*, 88 N.E.3d 211, 214 (Ind. Ct. App. 2017) (holding that because Hale was arguing that at the time the petition to revoke was filed, he had already been discharged from parole, his petition should have been classified as a petition for writ of habeas corpus); *Hobbs v. Butts*, 83 N.E.3d 1246, 1249 (Ind. Ct. App. 2017) (holding Hobbs's petition was appropriately captioned as one for habeas corpus because Hobbs was not challenging the validity of the revocation -- he was not arguing there was insufficient evidence or that his due process rights had been violated -- but instead he was arguing that his parole had already been discharged). Here, Young's petition should have been construed as a petition for post-conviction relief because Young was challenging the validity of the revocation of his parole as he argued that there was insufficient evidence to support the Parole Board's decision and that his due process rights were violated during the proceedings in

addition to claiming that his parole revocation was in retaliation for a previous lawsuit he had filed against the Parole Board. *Appellant's App. Vol. 2* at 88-114. The trial court, therefore, erred when it construed Young's petition as one for writ of habeas corpus and not as a petition for post-conviction relief.

[17] The trial court, which was in the county of incarceration, had jurisdiction to hear both a petition for writ of habeas corpus and a petition for post-conviction relief in this case. Because the trial court had jurisdiction to hear either petition, it does not matter how the trial court construed the petition in this case. *See* Ind. Code § 34-25.5-2.2 (providing that petitions for writ of habeas corpus should be filed in the county of incarceration); Ind. Post-Conviction Rule 1(2) (providing that petitions for post-conviction relief not challenging the validity of the conviction or sentence, but lawfulness of parole revocation, should be filed in the county of incarceration). Courts may summarily decide both petitions for writ of habeas corpus and petitions for post-conviction relief. Ind. Post-Conviction Rule 1(4)(g); *Pallet v. State*, 901 N.E.2d 611, 613 (Ind. Ct. App. 2009) (rejecting the idea that an evidentiary hearing must be heard on a petition for writ of habeas corpus and holding that it could be subject to dismissal under Indiana Trial Rule 12(B)(6)), *trans. denied*. Notwithstanding the trial court's classification of the petition as a writ of habeas corpus, we proceed to address the merits of Young's case. *See Hale*, 88 N.E.3d at 214 (addressing the merits regardless of the court's misclassification of the petition as a petition for post-conviction relief); *Hobbs*, 83 N.E.3d at 1249 (same).

## II. Summary Judgment

[18] An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment. *Brown v. State*, 131 N.E.3d 740, 742 (Ind. Ct. App. 2019) (citing *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008)), *trans. denied*. Summary disposition, like summary judgment, is a matter for appellate de novo determination when the determinative issue is a matter of law, not fact. *Id*. Post-Conviction Rule 1(4)(g) provides that the trial court may grant a motion by either party for summary disposition of the petition when "it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

[19] Young argues that the trial court erred when it granted summary judgment in favor of the State and denied his petition. He specifically contends that a genuine issue of material fact exists as to whether his due process rights were violated because he was denied disclosure of the evidence. Young also asserts that there is an issue of material fact in regard to his First and Fourteenth Amendment retaliation claim, and he maintains that his parole was revoked in retaliation for his filing of a claim against the Parole Board and the DOC. Young further alleges that two of the parole conditions that he was found to have violated were unconstitutional.

[20] "It has long been the rule in Indiana that the discretion of the Parole Board is not subject to supervision or control of the courts." *Hawkins,* 268 Ind. at 143, 374 N.E.2d at 500. "[O]nce the [Parole] Board has fulfilled [the statutory procedural requirements], it has almost absolute discretion in making its decision and such discretion will not be interfered with by the courts." *Id.*

[21] Parolees charged with violations of parole are within the protection of the Due Process Clause of the Fourteenth Amendment. *Grayson v. State*, 58 N.E.3d 998, 1001 (Ind. Ct. App. 2016) (citing *Morrissey v. Brewer,* 408 U.S. 471, 482 (1972)). As such, parolees are entitled to a two-stage parole-revocation procedure: (1) a preliminary hearing to determine whether there is probable cause to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions; and (2) a revocation hearing before the final decision on revocation to consider whether the facts as determined warrant revocation. *Id.* (citing *Morrissey*, 408 U.S. at 485-88). "The minimum requirements of due process include written notice of the claimed parole violations, disclosure to the parolee of the evidence against him, an opportunity to be heard in person and to present evidence, the right to confront and cross-examine adverse witnesses, a 'neutral and detached' parole-hearing board, and a written statement by the board of the evidence relied upon and the reasons for revoking parole." *Id*.

[22] Here, Young was provided with the two-stage parole revocation procedure. He waived his right to a preliminary hearing to determine probable cause, *Appellant's App. Vol. 2* at 46, and on June 15, 2017, the Parole Board held a hearing to determine whether to revoke Young's parole. *Id*. at 52-53. The

Parole Board read aloud the evidence against Young and allowed Young to present his side of the story. *Ex. 1*. The Parole Board then found Young guilty of violating four conditions of his parole: Rule #4, contact with minors; Rule #19, unapproved relationships; Rule #10, unapproved computer or electronic device usage; Rule #12, possession or use of alcohol or illegal controlled substance. *Appellant's App. Vol. 2* at 53-55.

[23] Young asserts that his due process rights were violated because he did not receive disclosure of the evidence used against him. Due process requires that the Parole Board disclose the evidence against the parolee that it considered. *Komyatti v. State*, 931 N.E.2d 411, 418 (Ind. Ct. App. 2010). At his revocation hearing, the Parole Board read aloud all of the evidence against Young and gave him an opportunity to refute the evidence and explain his version of the events. *Ex. 1*. While Young submitted a request for evidence prior to the hearing, he has not shown that the Parole Board erred in not providing the evidence to him because Young made no mention of the requested evidence prior to the revocation hearing, and he did not ask for a continuance. *Id*. In fact, before the evidence was read by the Parole Board, Young was asked twice whether he was ready to proceed, and he said "yes." *Id*. Therefore, there was no error in the Parole Board's failure to produce the evidence ahead of time. *See Komyatti*, 931 N.E.2d at 418-19 (holding that parolee failed to establish error

in the failure to provide evidence where he never mentioned his request at the hearing or requested a continuance).[3]

[24] To the extent that Young argues that the Parole Board's decision was not supported by sufficient evidence, we disagree. On appeal, this court considers "only the evidence most favorable to the revocation and will not reweigh the evidence or judge the credibility of the witnesses." *Id*. at 419. Here, the Parole Board based its decision on evidence from the parole release agreement, the parole violation report, the parole case notes, and the preliminary hearing waiver. *Appellant's App. Vol. 2* at 53. The evidence included that a photograph of Young's minor grandson was found on his cellphone, including "screen shots of a 'face time' phone call"; Young had messages on his phone from a person seeking a physical relationship with Young; Young had used his phone to access the internet for more than legal work, including creating a Facebook account and gaining access to a dating app; and on May 3, 2017, Young had tested positive for methamphetamine. *Id*. at 53-54.

---

[3] Although Young does not explicitly argue that the Parole Board was not neutral and detached in its determination that he violated his parole, to the extent that his retaliation claim can be construed as such, we disagree. "[T]o show improper bias or prejudice in a decisionmaker, a defendant must demonstrate a personal bias against him or her that stems from a source separate from the evidence and argument presented at the proceedings." *Komyatti v. State*, 931 N.E.2d 411, 418 (Ind. Ct. App. 2010). The fact that a tribunal ruled against a defendant does "not indicate a personal bias that calls impartiality into question." *Id.* Here, although Young argues that his parole agent knew of the complaint he had filed against the Parole Board and the DOC, he has not provided any evidence that the Parole Board had knowledge of the complaint, and he has presented no evidence that the Parole Board was not neutral and detached.

During the parole revocation hearing, Young did not deny that he had tested positive for methamphetamine. Rather, he asserted that he was taking Zantac, which could result in a false positive. *Ex. 1*. He said that the Facebook account was his son's because his son had just given him the phone. *Id*. In regard to the dating app, Young denied knowing the person and stated that the numbers on the phone were already on there when his son gave him the phone. *Id*. Regarding the contact with minors, Young said that the people on the phone were his son's cousins and Young's family members, and the photos were on the phone when his son gave it to him. *Id*.

The Parole Board was not required to believe Young's version of the events. *See Komyatti*, 931 N.E.2d at 420. The Board is afforded almost absolute discretion in rendering its decision. *See Hawkins*, 268 Ind. at 143, 374 N.E.2d at 500. We, therefore, conclude that the Parole Board did not violate Young's due process rights, and it had sufficient grounds for the revocation of his parole.

Young also contends that there is a material issue of fact regarding his First and Fourteenth Amendment retaliation claims because he maintains that his parole was revoked in retaliation for his having filed a claim against the Parole Board and the DOC. The United States Supreme Court has held that in order to win on a retaliatory arrest or retaliatory prosecution claim, the plaintiff must plead and prove that there was an absence of probable cause to support the charge. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1728 (2019); *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006). In *Hartman*, the Court held that to bring a claim for a retaliatory prosecution, the plaintiff must plead and prove that there is no probable cause

to support the charge.  *Id.* at 265-66.  *Nieves* extended *Hartman* to retaliatory arrest claims.  139 S. Ct. at 1725.  In the context of a retaliatory arrest claim, when there is probable cause to support the prosecution or arrest, a plaintiff's retaliation claim cannot succeed as a matter of law.  *Id*. at 1728.  One exception to this is that "the non-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been."  *Id*. at 1727.  Young's retaliation claim cannot succeed if there was probable cause to support the revocation of his parole, and we have already concluded above that there was sufficient evidence to support the Parole Board's revocation of his parole.  Additionally, Young does not argue that the exception to the rule applies to this case.  Because the evidence supported the conclusion that Young's parole was lawfully revoked, he cannot obtain post-conviction relief on his retaliation claim.

[28]    Young also argues that two of the conditions of his parole, Rule #10, unapproved computer or electronic usage, and Rule #19, unapproved relationships, are unconstitutional.  *Appellant's Br.* at 19-23.  However, Young has waived the issue of whether Rule #19, the unapproved relationship provision, is unconstitutional because he did not present the issue to the trial court in his habeas petition.  *See Hale*, 88 N.E.3d at 216 n.8.  While Young did raise the constitutionality of the computer or electronic usage provision in his habeas petition, it is not necessary to address whether that condition, or the unapproved relationship condition, is unconstitutional because the Parole

Board found that Young violated two other conditions of his parole, Rule #4, contact with minors and Rule #12, possession or use of alcohol or illegal controlled substance.

[29] The violation of just one condition of parole is sufficient for a parole board to revoke parole. *See* Ind. Code § 11-13-3-8(a), (b) (stating that if a parole agent believes that a parolee has violated a condition of parole, he may submit a written report of the violation to the parole board and that upon a showing of probable cause to believe the parolee violated a parole condition, the parole board may issue an order for the parolee to appear for a revocation hearing on the alleged violation); Ind. Code § 11-13-3-10(c) (stating that if the parole board finds that a parolee has violated parole, it can revoke the parole and order the parolee imprisoned). Courts need not address constitutional arguments unless it is absolutely necessary to do so. *See, e.g.*, *Edmonds v. State*, 100 N.E.3d 258, 262 (Ind. 2018); *Jean-Baptiste v. State*, 82 N.E.3d 878, 878 (Ind. 2017). Because here, the Parole Board found that Young violated two other conditions of his parole, about which he does not raise any constitutionality claims, and based on the longstanding principle of constitutional avoidance, we decline to reach Young's constitutional challenge to the conditions of his parole.

[30] Based on all of the above, we conclude that the trial court properly granted summary judgment in favor of the State and did not err in denying Young's petition.

[31] Affirmed.

Bailey, J., and Mathias, J., concur.